Commonwealth *v.* Goins, Appellant.

Submitted December 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

Before DWYER, JR., J., without a jury.

*Neil Leibman,* for appellant.

*Albert L. Becker* and *David Richman,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

Appellant contends that the trial court erred in failing to suppress the identifications made by two prosecution witnesses.

On the night of September 8, 1972, at approximately 11:00 p.m., one James Lawson, the owner of a gasoline station, and Deborah Aye, were robbed at gunpoint. The entire incident lasted between 15-20 minutes, during which the victims testified they had ample opportunity and a clear view of the appellant. The victims were allegedly moved from a well-lit bay area, to a brightly illuminated office, and, in Lawson's car, to Fairmount Park. Following the robbery, both victims gave a detailed description of the appellant's clothing and physical features. Just two hours after the incident, they both picked out a photograph of the appellant from some 100 snapshots shown them by the police. After a composite sketch was made by a police artist, unsuccessful efforts were made to locate the appellant. On October 2, 1972, Lawson was taken to City Hall in Philadelphia in order to attempt to identify the appellant in Courtroom 602 where he was scheduled to appear. Accompanied by an officer, Lawson failed to identify the appellant inside the courtroom where some 100 persons were seated. As Lawson was walking down the corridor of City Hall, however, he noticed the appellant and told the police officer that "the man who robbed me just passed me." Appellant was then arrested.

On the same day, Deborah Aye, was brought to the Police Administration Building where she attended a counselled line-up. Photographs of the line-up disclose that the seven men who participated were all between 5'9" to 6'1" and ranged from 160 to 187 pounds, Aye picked out the appellant as her assailant without hesitation.

At a non-jury trial, held before the Honorable William A. DWYER of the Court of Common Pleas of Philadelphia, both witnesses testified that the appellant was their assailant. They testified as to the conditions of the robbery and stated they had a good look at the appellant and were positive of their identification. Appellant was thereafter convicted of aggravated robbery.

Appellant contends that the in-court identifications were tainted by an unduly suggestive and illegal pretrial identification. Although a counsel-less identification in a City Hall hallway may have been unduly suggestive and an unnecessary one-on-one confrontation, we believe that, in the face of the clear certainty and consistency of the victims' other identifications of the appellant as their assailant, the trial court properly refused to suppress the remaining pretrial identifications, and properly sustained the validity of the in-court identifications which had an origin independent of the challenged confrontations. *United States v. Wade,* 388 U.S. 218, 241 (1967). Under the circumstances, any error in the rulings of the suppression judge clearly harmless. See, e.g., *Commonwealth v. Williams,* 440 Pa. 400, 407, 270 A. 2d 226 (1970).

The judgment of sentence is affirmed.

CERCONE, J., concurs in the result.