387 A.2d 665

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Allen Jerome BROWN, Appellant.**

Supreme Court of Pennsylvania.

Argued March 10, 1978.

Decided June 5, 1978.

Michael R. Cauley, Second Asst. Public Defender, Erie, for appellant.

Shad Connelly, Asst. Dist. Atty., Erie, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

This appeal is from the judgment of sentence of life imprisonment imposed upon Allen Jerome Brown in Erie County following his conviction by a jury of murder of the first degree.

In this appeal Brown is represented by new counsel, that is, counsel who did not represent him at trial. One of the principal assignments of error maintains Brown was denied a fair trial because of the ineffectiveness of his counsel.* This issue was not presented to or considered by the trial court, and on the record presented we find it impossible to intelligently evaluate the merits of this complaint. The record will, therefore, be remanded to the trial court for an evidentiary hearing and determination as to whether trial counsel were ineffective in any respect, and, if so, whether a new trial is mandated. Cf. *Commonwealth v. Twiggs*, 406 Pa. 105, 331 A.2d 440 (1975).

The judgment of sentence is vacated, and the record is remanded for further proceedings. If it is found that trial counsel were ineffective, a new trial should be ordered. If not, judgment of sentence should be reimposed. In the latter event, Brown may file a new appeal.

POMEROY, J., filed a concurring opinion.

* Trial counsel are charged with several prejudicial omissions. For instance, counsel are faulted for failing to enter an objection to highly inflammatory and improper remarks allegedly made by the assistant district attorney in his closing argument to the jury. This argument was not recorded, and the remarks complained of are not in the present record. It is further complained that counsel should have protected the interests of their client by having the argument recorded.

630

POMEROY, Justice, concurring.

Appellant asserts a number of instances of trial counsel's ineffectiveness. My review of these claims convinces me that there is arguable merit in several of them and that failure of trial counsel to take action or pursue a different tactic could, absent some reasonable basis for counsel's action, add up to constitutional ineffectiveness. On the basis of the present record, however, it is not possible to ascertain the purpose for counsel's omissions. Thus, I concur in the remand for an evidentiary hearing. See *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).