393 A.2d 754

**COMMONWEALTH of Pennsylvania**

v.

**George BERTOLETTE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Oct. 20, 1978.

Joseph R. D'Annunzio and Calvin S. Drayer, Jr., Assistant Public Defenders, Norristown, for appellant.

Ross Weiss, First Assistant District Attorney, Elkins Park, and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On June 20, 1972, at approximately 11:30 p. m., Jeffrey Fletcher, age 17, was hitch-hiking home along Ridge Pike in Eagleville, Pennsylvania. George Bertolette, appellant, stopped and offered Jeffrey a ride in his 1968–1969 Pontiac convertible. Jeffrey entered the automobile and informed the driver that he wished to go to his house. However, when the automobile approached Jeffrey's house and Jeffrey told the driver to stop, he did not and proceeded to drive a short distance to a field where the car came to a halt. When Jeffrey turned to the driver to inquire about what was happening, he was greeted by a knife pointed at his throat. He was instructed to remove his clothes and was sodomized. Jeffrey was then driven home and let out of the automobile. Approximately four months later Jeffrey was riding in an automobile driven by a friend when he observed the same automobile that picked him up on June 20, 1972. The two youths tailed the automobile and wrote down the registration number. A check of that registration number revealed that the automobile belonged to George Bertolette, appellant.

■ A criminal complaint charging appellant with sodomy[1] was filed on November 3, 1972, and he was arrested on November 21, 1972. Following the return of an indictment by the grand jury, appellant was tried before a judge and jury. Timely post-verdict motions were filed, resulting in the granting of a new trial. On August 16, 1976, appellant was retried and the jury returned a verdict of guilty. Post-verdict motions for a new trial and in arrest of judgment were filed and dismissed by the court as being without merit. Appellant was sentenced to undergo imprisonment for not less than three years nor more than ten years. From that judgment of sentence appeal was taken to our court.[2]

Appellant raises only one issue in the present appeal. He claims that trial counsel was ineffective due to his failure to object to certain statements made by the district attorney. Specifically he contends that the district attorney's references to both the youthfulness of the victim and the questionable veracity of defense witnesses had a prejudicial effect on the jury. The comments were made during the district attorney's address to the jury and they were not recorded. We have no means of determining in what context they were made and what was actually stated. Defense counsel did not object to the reference to the veracity of the defense witnesses until after the summation. In fact, the objection and request for a mistrial was made the following day, outside the presence of the jury.

■ The general rule as stated in *Commonwealth v. Cisneros,* 381 Pa. 447, 450, 113 A.2d 293, 296 (1955) is that "[t]he . . . objection was not timely as it was made at the conclusion of the assistant district attorney's address . . ." However, in *Commonwealth v. Adkins,* 468 Pa. 465, 472, 364 A.2d 287, 291, the Supreme Court stated that the rule is not absolute and the attending circumstances

1. Act of June 24, 1939, P.L. 872, No. 375, § 501, 18 P.S. § 4501.

2. Appellant is represented by counsel different than the one who represented him during the trial and therefore properly raises the issue of ineffective assistance of trial counsel on direct appeal. See *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

must be assessed when considering the applicability of the rule. In *Adkins,* the rule was not applied because, unlike cases where the closing arguments are not recorded, the argument was recorded in its entirety and its contents were available to both counsel and the court at the conclusion of the argument. Our Supreme Court stated at 291:

> Under such circumstances, no dispute as to what was in fact said during the argument can arise and therefore no necessity exists to require objection prior to the conclusion of the argument. Thus, the rule requiring objection during the argument is inapplicable here.

In the present case we do not have a transcript of the closing arguments and are therefore unable to determine, as the *Adkins* court did, that the district attorney's statements were prejudicial. Under such circumstances we have no alternative but to remand the case for evidentiary hearing and determination as to whether trial counsel was ineffective in any respect, and, if so, whether a new trial is mandated. Cf. *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975). See also *Commonwealth v. Brown,* 478 Pa. 628, 387 A.2d 665, (1978). In *Brown, supra,* one of the allegations of ineffectiveness of counsel was that he failed to enter an objection to possible prejudicial remarks made by the district attorney in his closing statement to the jury. The remarks were not recorded and consequently were not part of the record. The Pennsylvania Supreme Court remanded the case for an evidentiary hearing on the issue of trial counsel's effectiveness.

The judgment of sentence is vacated, and the case is remanded for an evidentiary hearing. If it is found that trial counsel was ineffective, a new trial should be ordered. If not, judgment of sentence should be reinstated.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.