413 A.2d 408

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Stephen RAWLINGS, Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 1979.

Filed Oct. 26, 1979.

William A. Dopierala, Erie, for appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

SPAETH, Judge:

Appellant was convicted in Erie County on charges arising from four robberies. On direct appeal [1] he argues 1) that his rights under Pa.R.Crim.P. 1100 were violated, and 2) that he was denied effective assistance of counsel at trial.

1

On February 10, 1975, complaints were filed charging appellant with four armed robberies. Therefore, under Pa.R.Crim.P. 1100(a) the Commonwealth had until August 9, 1975, to bring appellant to trial. Trial was scheduled for the May 1975 Term of Criminal Court. However, because appellant was incarcerated in the Allegheny County Jail, the Erie County District Attorney was required to petition for a writ of habeas corpus *ad prosequendam* to secure appellant's presence in Erie County. An appropriate court order issued on May 8 that was duly served on the superintendent of the Allegheny County Jail. On May 13 the superintendent responded in writing that he could not comply with the order because appellant was scheduled for trial in Allegheny County. In July 1975, the Erie County District Attorney filed a petition pursuant to Pa.R.Crim.P. 1100(c), seeking an extension of time for the commencement of appellant's trial. A hearing was held on July 25 at which the prosecuting assistant district attorney related the previous effort to try appellant in May, and pointed out that since Erie County did not employ continuous terms of criminal court and the next term did not begin until September, appellant could not be tried within the mandatory period prescribed by Rule 1100(a). On these facts, the lower court found that the Commonwealth had exercised due diligence in bringing ap-

1. Appellant was sentenced on January 30, 1976. Although he failed to file an appeal within thirty days of his sentencing, in November 1976 he filed a petition pursuant to the Post Conviction Hearing Act, Act of Jan. 25, 1966, P.L. (1965) 1580, 19 P.S. §§ 1180–1 *et seq.*, alleging that he had been unlawfully denied his right to appeal. On May 26, 1978, the lower court granted appellant's request to file an appeal *nunc pro tunc*. This appeal was then filed.

pellant to trial, and granted an extension until the September Term.[2]

Appellant relies on *Commonwealth v. Clark*, 256 Pa.Super. 456, 390 A.2d 192 (1978), for the proposition that the lower court erred in finding that the Erie County District Attorney exercised due diligence. *Clark*, however, is distinguishable. There the Commonwealth neglected to file a timely petition for an extension of time; we expressly declined to decide whether the Commonwealth's efforts to try the defendant would have been diligent had such a petition been filed.[3] In the present case, the Commonwealth filed a timely petition for an extension of time. Furthermore, it made a reasonable effort to try appellant in the May 1975 Term but failed. Appellant admits that no criminal court terms were scheduled in Erie County during June, July, or August 1975. Since this case arose prior to the decision in *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), we must view the judicial delay here with greater leniency than similar delays in cases arising after that decision. In the circumstances, we believe the lower court properly granted the Commonwealth an extension. *Compare Commonwealth v. Coleman*, 477 Pa. 400, 333 A.2d 1268 (1978); *Commonwealth v. Warman*, 260 Pa.Super. 130, 393 A.2d 1046 (1978); *Commonwealth v. Lewis*, 247 Pa.Super. 46, 371 A.2d 1318 (1977).[4]

2. At the time of the hearing, appellant was still incarcerated in Allegheny County, although the record is unclear as to whether he had yet been tried there.

3. The other cases cited by appellant, *Commonwealth v. Kovacs*, 250 Pa.Super. 66, 378 A.2d 455 (1977); *Commonwealth v. Martin*, 246 Pa.Super. 407, 371 A.2d 903 (1977); and *Commonwealth v. McCafferty*, 242 Pa.Super. 218, 363 A.2d 1239 (1976), are likewise distinguishable. In each the Commonwealth delayed so long in seeking the return of the defendant from the outside jurisdiction that it became impossible to commence trial within the mandatory period.

4. This writer dissented in *Lewis* on the ground that the record failed to show that the delay caused by the scheduling of the defendant's trial could not have been avoided, and thus failed to show that the trial was timely. Given the decision in *Commonwealth v. Coleman*, *supra*, however, the position taken by the dissent in *Lewis* has become untenable.

 Appellant also argues that the lower court improperly granted the Commonwealth an extension of time because he was not personally notified of the petition, and had no knowledge that the public defender was representing him at the July 25 hearing. Rule 1100(c), however, did not require the Commonwealth to give appellant personal notice; it only required that a copy of the petition "be served upon the defendant through his attorney, if any . . . ." The record shows that on February 20, 1975, appellant applied for court-appointed counsel, and that on March 13, the public defender entered his appearance. Appellant does not argue that service upon the public defender was defective, or that the defendant's representation at the July 25 hearing was ineffective.[5]

### 2

 Appellant asserts that trial counsel was ineffective in 1) failing to include in his post-verdict motions objections to the Commonwealth's identification testimony; 2) failing to file a pre-trial motion to suppress appellant's confession; 3) failing to call alibi witnesses; 4) failing to participate in the empaneling of the jury; and 5) allowing consolidation of the charges. In reviewing these allegations, the standard to be applied is as follows:

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel *had some reasonable* basis designed to effectuate his client's interest. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." [Emphasis in original.]

5. Appellant does argue that had he been given personal notice of the petition he would have informed the court that he intended to retain private counsel to represent him. Be this as it may, Rule 1100 was not violated, either in language or spirit. Appellant was always free to retain private counsel and to have that counsel enter an appearance.

*Commonwealth v. Mabie*, 467 Pa. 464, 473, 359 A.2d 369, 373 (1976), *quoting Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605, 235 A.2d 349, 352–53 (1967). *See also Commonwealth v. Dancer*, 460 Pa. 95, 103, 331 A.2d 435, 439 (1975). Moreover, it is important to keep in mind that "[s]ince our test requires that we examine the approach employed by trial counsel in light of the available alternatives, a finding of ineffectiveness [can] never be made unless we [conclude] that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized." *Commonwealth ex rel. Washington v. Maroney, supra* 427 Pa. at 605 n. 8, 235 A.2d at 353 n. 8.

The present record is sufficient for us to determine at this time that appellant's counsel was not ineffective for failing to raise objections to the Commonwealth's identification testimony in post-verdict motions.[6] However, because appellant did not raise the effectiveness of his trial counsel in the court below, the record is insufficient for us to determine whether counsel's other actions had a reasonable basis.[7] For example, we can only speculate that alibi witnesses to corroborate appellant's story were unavailable or,

6. Although we may question the correctness of the lower court's holding that the pre-trial identifications of three Commonwealth witnesses were admissible, the suppression hearing transcript shows that the in-court identifications of these witnesses had bases independent of any suggestive pre-trial procedures that may have occurred. *See, e. g., Commonwealth v. Taylor*, 472 Pa. 1, 370 A.2d 1197 (1977); *Commonwealth v. Fowler*, 466 Pa. 198, 352 A.2d 17 (1976). In the circumstances of this case, where appellant did not undercut the credibility of the witnesses' in-court identifications, admission of the out-of-court identifications was at most harmless error. *See Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977); *Commonwealth v. Bullock*, 259 Pa.Super. 467, 393 A.2d 921 (1978); *Commonwealth v. Goins*, 227 Pa.Super. 470, 323 A.2d 198 (1974). Since the preservation of objections to the identification testimony would not have won appellant a new trial on appeal, trial counsel cannot be deemed ineffective for declining to include these objections in post-verdict motions.

7. It should be noted that appellant was represented by his trial counsel on his post-verdict motions, and did not obtain new counsel until this appeal. Hence, his claims concerning the effectiveness of his trial counsel are not waived. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

if available, were not beneficial to appellant's defense. The Supreme Court has stated that it is not the role of an appellate court "to speculate in order to determine the reasonableness of the alternative selected particularly where an evidentiary hearing could possibly elicit the reasons for counsel's decisions." *Commonwealth v. Connolly*, 478 Pa. 117, 123, 385 A.2d 1342, 1345 (1978). Consequently, we must vacate the judgment of sentence and remand the case so that an evidentiary hearing on the effectiveness of appellant's trial counsel may be held. *See Commonwealth v. Mizell*, 479 Pa. 31, 387 A.2d 819 (1978); *Commonwealth v. Brown*, 478 Pa. 628, 387 A.2d 665 (1978); *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). If the hearing court finds that trial counsel was ineffective, a new trial should be awarded. If the court finds that trial counsel was not ineffective, the judgment of sentence should be reinstated.

Judgment is vacated and the case remanded for further proceedings in accordance with this opinion.