419 A.2d 1333
**COMMONWEALTH of Pennsylvania**
v.
**Charles BALAZICK, Appellant.**
Superior Court of Pennsylvania.
Argued April 11, 1979.
Filed May 16, 1980.

18

Anthony J. Seneca, Washington, for appellant.

W. Bertram Waychoff, District Attorney, Waynesburg, for Commonwealth, appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellant was convicted following a jury trial of theft by unlawful taking of fifteen gallons of gasoline and a gasoline can which belonged to the Emerald Mine Corporation. Post–verdict motions were thereafter denied and appellant was sentenced on August 11, 1978. This appeal is limited to the question of whether the lower court erred in refusing to grant a motion for a new trial on the basis of the District Attorney's closing remarks to the jury.

Initially, we are hindered in this case by the fact that the closing arguments of counsel are not of record.

The Commonwealth argues that appellant has waived any objection he may have to the District Attorney's remarks because he did not object at the time they were made but rather waited until the conclusion of the argument. See *Commonwealth v. Adkins*, 468 Pa. 465, 364 A.2d 287 (1976) and *Commonwealth v. Reynolds*, 254 Pa.Super. 454, 386 A.2d 37 (1978). We do not agree. The purpose of this timely objection rule as discussed in *Adkins* at 468 Pa. 472, 364 A.2d 291 is "so that the remarks may be placed in the record at or about the time they were made and thereby ensure accuracy. Otherwise, the recollection of both counsel and the court at the conclusion of argument may differ and thereby result in unnecessary factual disputes." Instantly, there was no dispute as to what was said, and the content of the remark is of record. Therefore, we find no waiver in this instance. *Commonwealth v. Hughes*, 477 Pa. 180, 383 A.2d 882 (1978). Also see *Commonwealth v. Bertolette*, 259 Pa.Super. 136, 393 A.2d 754 (1978).

In this case, the exact context of the remark in question is discussed in the record at the side bar conference at the conclusions of summations wherein the following occurred:

> MR. STEGENGA: We take exceptions to the District Attorney's comment that the witnesses called by the Commonwealth were truthful and the Defendant's testimony is false. In my opinion, that is a decision for the jury to make and not counsel.

To which the District Attorney responded:

> MR. CALDWELL: I believe I am entitled to detail to the jury exactly what the evidence was. I believe that I was perfectly proper in suggesting that they should find that his testimony was false.

The Court then overruled the objections raised at side bar and noted exceptions.

■ There is no longer any question that it is "improper for a prosecutor to express his personal belief as to the credibility of either prosecution or defense witnesses." *Commonwealth v. Barren*, 273 Pa.Super. 492, 417 A.2d 1156 (1979); *Commonwealth v. Kuebler*, 484 Pa. 358, 399 A.2d 116

(1979); *Commonwealth v. Pfaff*, 477 Pa. 461, 384 A.2d 1179 (1978), and ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution and Defense Function § 5.8(b) (Prosecution Function) (Approved Draft 1970). "The decision to believe the Commonwealth's version, or appellant's, was one exclusively for the jury. 'It is a basic tenet of our system of jurisprudence that issues of credibility are properly left to the trier of fact for resolution.' [Citation omitted]." *Kuebler*, supra, at 484 Pa. 363, 399 A.2d 118. Also see *Commonwealth v. Whack*, 482 Pa. 137, 393 A.2d 417 (1978); and *Commonwealth v. Potter*, 445 Pa. 284, 285 A.2d 492 (1971). Labeling all testimony by the appellant as false clearly exceeds the bounds of fair commentary on the evidence.

Instantly, appellant took the stand in order to refute the testimony of Commonwealth witnesses, specifically involving statements which had been attributed to him and therefore, the prosecutor's summation remark belying his credibility was highly prejudicial and requires the grant of a new trial.

Judgment of sentence reversed and new trial granted.