463 A.2d 1158

**COMMONWEALTH of Pennsylvania**

v.

**Sheldon FREEDMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1983.

Filed July 29, 1983.

Petition for Allowance of Appeal Denied Nov. 15, 1983.

Nino V. Tinari, Philadelphia, for appellant.

Stephen B. Harris, Assistant District Attorney, Doylestown, for Com., appellee.

Before HESTER, MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the Order of the Court of Common Pleas of Bucks County denying appellant's, Sheldon Freedman's, petition to dismiss the charges filed against him at Criminal Information No. 2023 of 1978 on double jeopardy grounds.[1] *See Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977) (denial of pre-trial application to dismiss information on double jeopardy grounds is appealable). We affirm.

The complained of testimony was given by the Commonwealth's first witness, the victim, during the trial by jury on cross-examination by defense counsel and consists of the following:

BY MR. TINARI:

Q The $8,000 that you say that you had—approximately $8,000 that you say you had on that particular day, that wasn't given to you by Mr. Graff, was it?

A Some of it, yes.

Q How much did he give you?

A $2,100.

1. Appellant was charged with Criminal Conspiracy, Simple Assault, Aggravated Assault, Robbery, Theft by Unlawful Taking and Receiving Stolen Property.

Q   When did he give it to you?

A   Approximately two weeks, three weeks before that.

Q   Pardon me?

A   Two or three weeks before that.

Q   When you were asked by the detectives—and they did question you after the incident; isn't this correct?

A   They gave me a lie detector test.

(N.T. 106–107)

After the response by the victim was made concerning the "lie-detector test," counsel for the defense asked for and was granted a mistrial. Prior to the commencement of the second trial, appellant moved to have the charges lodged against him dismissed on the ground [2] that "it was the prosecutor who 'keyed' the Commonwealth witness to make the statement which eventually led to the trial Judge granting the motion for a mistrial." (*See* Appellant's "Memorandum of Law in Support of Petition to Dismiss the Bills of Information" at 3 and Appellant's Brief at 5) In other words, appellant was urging before the court below that "during the trial the Assistant District Attorney engaged in 'prosecutorial misconduct' which led to the mistrial." (*See* Appellant's "Petition to Dismiss the Bills of Information," Point 3) At a hearing held in open court, which all parties agree occurred on January 16, 1979, the presiding judge denied appellant's petition to dismiss the Bills of Information. This appeal followed.

Appellant's counsel steadfastly maintains on appeal, as he did below, "that since the prosecutor instructed the witness to refer to the lie detector test that the standards set forth in [*Commonwealth v.*] *Starks* [, 490 Pa. 336, 416 A.2d 498

2. We note that in appellant's petition to the trial court he alleged, aside from the one instance of prosecutorial misconduct, that "the prosecutor engaged in various instances of intentional misconduct[.]" However, to date, counsel for·appellant has failed to point out these other instances of impropriety to either the trial court or this Court on appeal. Thus, our review is restricted to the single complaint raised by the accused against the prosecution.

(1980)] apply [3] and therefore [sic] reprosecution is barred."
(Appellant's Brief at 5) We are not dissuaded that the
prosecution was guilty of any impropriety barring appel-
lant's retrial.

Our Supreme Court in *Starks* outlined the criteria applied
in evaluating "prosecutorial overreaching":

> The United States Supreme Court has enunciated princi-
> pally two types of prosecutorial overreaching. First
> there is the prosecutorial misconduct which is designed to
> provoke a mistrial in order to secure a second, perhaps
> more favorable opportunity to convict the defendant. See
> *United States v. Dinitz*, [424 U.S. 600, 611, 96 S.Ct. 1075,
> 1081, 47 L.Ed.2d 267 (1976)]. Second there is the prose-
> cutorial misconduct undertaken in bad faith to prejudice
> or harass the defendant. See *Lee v. United States*, [432
> U.S. 23, 32, 97 S.Ct. 2141, 2147, 52 L.Ed.2d 80 (1977)];
> *United States v. Dinitz*, supra at 611, 96 S.Ct. at 1081–
> 82. In contrast to prosecutorial error, overreaching is not
> an inevitable part of the trial process and cannot be
> condoned. It signals the breakdown of the integrity of
> the judicial proceeding, and represents the type of prose-
> cutorial tactic which the double jeopardy clause was de-
> signed to protect against.

*Id.*, 490 Pa. at 341, 416 A.2d at 500.

"This Court has interpreted *Starks* to hold that, '*prosecu-
torial* misconduct rising to the level of *overreaching* will
bar retrial only if the specified misconduct is attributable to
a *bad faith* effort to prejudice the defendant *or* an *intent* to
provoke a mistrial.'" (Citations omitted) (Emphasis in
original) *Commonwealth v. Beaver*, 317 Pa.Super. 88, 96,
463 A.2d 1097, 1101 (1983).

3. We will adhere to the standard set forth in *Starks* in assessing
appellant's claim, since his appeal was filed (January 19, 1979) prior
to *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416
(1982) being decided on May 24, 1982, wherein the Court clarified the
standard of review to be utilized in mistrial cases from one of "intent"
or "bad faith" misconduct to that of "intent" only. *See Common-
wealth v. Beaver*, 317 Pa.Super. 88, 463 A.2d 1097 (1983).

Instead of going into an extended recitation of the case law dealing with mistrials, we merely wish to note that, aside from the bald allegation by counsel for the defense accusing the assistant district attorney of "keying" the victim-witness to testify on cross-examination to taking a lie-detector test, *there is not a scintilla of evidence in the record to indicate that the "specified misconduct is attributable to* a bad faith effort to prejudice the defendant or an intent to provoke a mistrial" on the part of *the prosecution. See Commonwealth v. Starks, supra.* Therefore, absent such record evidence (indicating that the motion for mistrial was the by-product of the prosecution directing the witness to testify so), we cannot find the prosecution culpable of "goad[ing] the [defendant] into requesting a mistrial[,]" *United States v. Dinitz, supra,* 424 U.S. at 611, 96 S.Ct. at 1081, 47 L.Ed.2d at 276, so as to bar a second trial. To so find would be premised solely upon speculation and surmise, a practice which is certainly unbecoming an appellate court. *See generally Commonwealth v. Connolly,* 478 Pa. 117, 385 A.2d 1342 (1978); *Commonwealth v. Rawlings,* 271 Pa.Super. 285, 413 A.2d 408 (1979); *Commonwealth v. Mumich,* 239 Pa.Super. 209, 361 A.2d 359 (1976).

Although we would discourage either side from venturing into the topic of polygraph examinations with any witness, given their inherent unreliability, *see Commonwealth v. Camm,* 443 Pa. 253, 277 A.2d 325 (1971), *cert. denied,* 405 U.S. 1046, 92 S.Ct. 1320, 31 L.Ed.2d 589 (1972); *Commonwealth v. Nelson,* 311 Pa.Super. 1, 456 A.2d 1383 (1983), we will not equate the elicitation of such a response from the victim instantly *by defense counsel* with *prosecutorial overreaching* barring a retrial.

Moreover, as correctly observed by the Commonwealth in its brief to this Court, in light of the circumstances attendant to the manner in which the testimony complained of was obtained, "it is difficult to comprehend how the [assistant] district attorney could be deemed to have keyed the witness'; especially since the testimony was elicited by defense

counsel. It appears then that it was defense counsel, not the [assistant] district attorney, that provoked the mistrial in the instant matter." (Commonwealth's Brief at 6) Thus, based on our review of the applicable case law, we find that the actions of the Commonwealth (or more aptly those actions attributed to the Commonwealth by the defense) come nowhere near the level of prosecutorial misconduct held to bar a retrial. *See, e.g., Commonwealth v. Virtu,* 495 Pa. 59, 432 A.2d 198 (1981); *Commonwealth v. Anderson,* 294 Pa.Super. 1, 439 A.2d 720 (1981).

Order affirmed.