483 A.2d 986
**COMMONWEALTH of Pennsylvania**
**v.**
**Stephen Paul RAFALKO, Appellant.**
Superior Court of Pennsylvania.
Argued Aug. 7, 1984.
Filed Nov. 2, 1984.
Petition for Allowance of Appeal Denied March 18, 1985.

124

Robert J. Tesone, Hermitage, for appellant.

James P. Epstein, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before BROSKY, WATKINS and HESTER, JJ.

HESTER, Judge:

Appellant appeals from a judgment of sentence imposed August 24, 1982, of not less than (10) nor more than twenty (20) years. Admitted into evidence at trial was appellant's incriminating statement wherein he admitted killing the victim first by striking her several times in the head with a tire iron and then running over her with his car. However, appellant professed self-defense. After appellant's demurrer to the Commonwealth's evidence was denied, the jury found appellant guilty of third degree murder on April 20, 1981.

Appellant raises several issues on appeal including bad faith prosecutorial overreaching. Appellant's defense counsel was suspected of intimidating key Commonwealth wit-

nesses to avoid subpoena. During appellant's trial the Commonwealth was unable to locate, after a diligent search, a previously cooperative witness. Prior to appellant's trial, the witness' sisters admitted that they had been indirectly advised by appellant's defense counsel to avoid subpoena.

In supplemental post-verdict motions filed approximately five months after appellant's conviction, appellant contends the post-trial execution of a non-specific search warrant on his attorney's office violated the attorney-client privilege. This search occurred while appellant's Motion for a New Trial was pending. Appellant asserts that had he been successful in his Motion for a New Trial, he would have been unduly prejudiced by the confidential information illegally obtained from his attorney's office and through his attorney's secretary.

Appellant submits the Commonwealth's investigation of defense counsel was prosecutorial overreaching designed to harass and prejudice him and therefore, the lower court improperly denied his supplemental Motion in Arrest of Judgment and Motion for a New Trial. Appellant maintains the Commonwealth is barred from retrying him due to the constitutional prohibition against double jeopardy.

As noted in the lower court opinion, there is a question whether the appellant has properly raised the contention of double jeopardy at this time for there has been no mistrial or a new trial declared. However, in view of the holding in *Commonwealth v. Hallowell*, 497 Pa. 203, 439 A.2d 1140 (1981), wherein two justices held that the defendant lost the opportunity to contend double jeopardy by not asserting it on an initial direct appeal, we will now address that issue.

■ Appellant does not allege intentional prosecutorial misconduct designed to provoke the defendant into moving for a mistrial. *See Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). In fact, in his brief, appellant specifically states prosecutorial misconduct designed to provoke a mistrial was not the situation in this

case. Appellant alleges only prosecutorial misconduct undertaken in bad faith to prejudice or harass him.

The Supreme Court in *Oregon v. Kennedy, supra,* clarified the standard of review to be utilized in ascertaining prosecutorial overreaching from one of "intent" or "bad faith" misconduct to that of "intent only". This Court in *Commonwealth v. Beaver,* 317 Pa.Super. 88, 463 A.2d 1097 (1983) adopted the narrower standard propounded in *Oregon v. Kennedy,* stating:

> We find that the dual standard of ("intent" or "bad faith") review first articulated with any degree of clarity in *Commonwealth v. Starks* [490 Pa.Super. 336, 340, 416 A.2d 498, 500 (1980)], *supra,* being premised upon federal case law that has been subsequently "clarified" (to one of "intent" only), is rendered somewhat suspect by *Oregon v. Kennedy, supra.* See generally *Commonwealth v. Wallace* [500 Pa.Super. 270, 455 A.2d 1187 (1983)], *supra* (Justice Nix's Concurring Opinion); *Commonwealth v. Arelt* [308 Pa.Super. 236, 454 A.2d 108 (1982)], *supra.*

*Commonwealth v. Beaver, supra,* 317 Pa.Superior Ct. at 101, 463 A.2d at 1104.

However, the Court therein did not apply the narrower standard of *Oregon,* but rather applied the broader standard of: 1) prosecutorial misconduct *intentionally* calculated to trigger the declaration of a mistrial; *and* 2) prosecutorial misconduct undertaken in *bad faith* to harass the accused. The Court stated:

> The reasons for adopting a non-retroactive application of *Oregon* to the case sub judice are:

> First, the decision in *Oregon* resulted in a "rule" being "adopted," *id.* 456 U.S. at 678 n. 8, 102 S.Ct. at 2091 n. 8; *Commonwealth v. Wallace, supra* (Justice Nix's Concurring Opinion), that narrowed the prior standard of review applicable to mistrials, i.e., overruled cases holding to the contrary.

> Second, because the purpose and effect of the present ("intent" only) rule of review is consistent with the pre-

*Oregon* ("intent" or "bad faith") standard, we do not find that its operation will be retarded if not applied retroactively.

Third, appellant's appeal having been perfected prior to the *Oregon* decision, we think, in weighing the equities, that "injustice or hardship" will be avoided by non-retroactivity, i.e., the accused will have the benefit of having his claims scrutinized under the broader standard.

*Commonwealth v. Beaver, supra,* 317 Pa.Superior Ct. at 102, 463 A.2d at 1104–1105.

Such is not the case herein as the instant appeal was filed on August 31, 1982 after the decision in *Oregon v. Kennedy, supra,* which was filed on May 24, 1982. *See Commonwealth v. Freedman,* 317 Pa.Super. 207, 210 n. 3, 463 A.2d 1158, 1159 n. 3 (1983); *Commonwealth v. Riffert,* 322 Pa.Super. 230, 469 A.2d 267 (1983) was the first case in this Commonwealth to actually apply the *Oregon v. Kennedy* standard.

Appellant specifically states intentional prosecutorial overreaching designed to provoke a mistrial is not the case herein. We therefore affirm the lower court, notwithstanding the lower court's reliance on the pre-*Oregon v. Kennedy* standard.

█ Appellant's defense counsel orally amended the post-verdict motions at the post-verdict motions hearing. The hearing was continued and the Commonwealth filed a Motion for a More Specific Pleading to which defense counsel responded. She maintained appellant was harassed and prejudiced when the prosecution read defense counsel her *Miranda* rights in the presence of the trial judge prior to trial. Although the lower court addressed this issue in its opinion, it is not properly preserved for appellate review. Only those issues included in post-verdict motions will be considered preserved for appellate review. *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979);

*Commonwealth v. Cardona,* 316 Pa.Super. 381, 463 A.2d 11 (1983).

■ We again apply the *Oregon v. Kennedy* standard to review appellant's claim that the lower court improperly denied appellant's Motion for a Mistrial due to a prosecution witness' reference to a polygraph examination. We conclude there was no prosecutorial intent designed to provoke appellant into moving for a mistrial. The Pennsylvania State Police officer, on direct examination, testified as follows:

"We then advised Rafalko he was lying. We had witnesses in Pennsylvania who saw the car. And the description matched his mother's Cordoba. We further advised him the car was towed in, and we found a mud flap at the scene which matched the mud flap on the right front of his mother's car. We advised him the left front mud flap was missing from his mother's car and I told him. 'I think the missing mud flap is the one we found at the scene.' Mr. Rafalko denied any involvement and told me hadn't been to Pennsylvania since he was about thirteen when he visited some relatives in Scranton. We asked him to take a polygraph ..." (T.T. 348).

The salient consideration in determining the district attorney's intent is his questioning of the trooper. Could it be said that the reference to the polygraph examination was prompted by the question put to the witness? In his brief, appellant does not focus on any specific question or questions by the prosecution that would evidence intent to provoke a mistrial. Appellant, in his brief, states:

"A review of the officer's testimony leading up to the reference to the polygraph would indicate that the district attorney had been asking questions that resulted in long narrative answers from the trooper up to this point." (p. 26).

Questions that result in long, narrative answers do not guarantee that a witness will testify with deliberate, specif-

ic, prejudicial information. The trooper was merely reading verbatim from his notes.

The statement did not suggest a favorable result, nor was it conclusive as to whether the test was in fact administered. The trial judge gave the jury proper cautionary instructions and told them to disregard the reference to the polygraph. *Commonwealth v. Miller*, 497 Pa. 257, 439 A.2d 1167 (1982).

The final issue to be resolved on appeal, as the lower court opinion, Acker, J., sufficiently addresses appellant's remaining issues, is the denial of appellant's application for a modification of sentence. Appellant claims the trial judge disbelieved appellant's motive and therefore imposed a manifestly excessive sentence.

■ The trial court is given broad discretionary powers in imposing sentence within statutory limits. *Commonwealth v. Artis*, 294 Pa.Super. 276, 439 A.2d 1199 (1982). Accordingly, the imposition of sentence will not constitute an abuse of discretion unless it exceeds statutory limits or is manifestly excessive. *Commonwealth v. Rooney*, 296 Pa. Super. 288, 442 A.2d 773 (1982).

■ In formulating a sentence, the trial judge must consider the particular circumstances of the offense and must enunciate his reasons for the sentence on the record. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion). Clearly the trial judge wisely used his discretion in sentencing the statutory maximum, and delineated his reasons for doing so, given the heinous nature of appellant's brutal acts. We are satisfied the trial judge considered, and gave weight to, the standards set forth at 42 Pa.C.S. § 9721 and the factors mandated for consideration at 42 Pa.C.S. § 9722 through § 9725 of the Sentencing Code.

Judgment of sentence affirmed.