502 A.2d 604

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Louis P. DiNICOLA, Appellant.**

Superior Court of Pennsylvania.

Argued May 15, 1985.

Filed Dec. 6, 1985.

Reargument Denied Jan. 23, 1986.

402

Ramsey Clark, Erie, for appellant.

Timothy Lucas, Assistant District Attorney, Erie, for Com., appellee.

Before SPAETH, President Judge, and ROWLEY and WIEAND, JJ.

WIEAND, Judge:

This appeal was taken from a pre-trial order which denied a defense motion to dismiss criminal charges on grounds that double jeopardy principles barred the retrial ordered by the Supreme Court.[1] We agree with the trial court that a second trial is not barred by principles of double jeopardy; and, therefore, we affirm.

Louis P. DiNicola was tried by jury and was found guilty of arson and second degree murder. Post-verdict motions were denied, and a judgment of sentence was imposed. The judgment of sentence was affirmed by this Court on direct appeal. *Commonwealth v. DiNicola,* 308 Pa.Super. 535, 454 A.2d 1027 (1982). Thereafter, the Supreme Court vacated the judgment of sentence and ordered a new trial because the Commonwealth had improperly placed in evidence the testimony of a police officer that an assistant district attorney had stated in the officer's presence that he thought the defendant had committed the crime. *Commonwealth v. DiNicola,* 503 Pa. 90, 468 A.2d 1078 (1983). Upon remand, a second trial was preceded by a motion to dismiss. After an evidentiary hearing, the court found that in addition to using improper evidence the Commonwealth had improperly concealed the fact that a prosecution witness

---

1. The order is immediately appealable. *Commonwealth v. Haefner,* 473 Pa. 154, 373 A.2d 1094 (1977); *Commonwealth v. Hoburn,* 335 Pa.Super. 536, 485 A.2d 24 (1984).

had undergone hypnosis prior to the first trial. The court held, however, that these errors by the prosecution were insufficient to bar a second trial on double jeopardy grounds. DiNicola appealed.

The double jeopardy protections afforded by the Constitutions of the United States and Pennsylvania are coextensive. *Commonwealth v. Hude*, 492 Pa. 600, 425 A.2d 313 (1980); *Commonwealth v. Beaver*, 317 Pa.Super. 88, 463 A.2d 1097 (1983). The federal constitution's guarantee against twice being placed in jeopardy for the same offense was considered in the context of prosecutorial misconduct by the Supreme Court of the United States in *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). There the Court, after acknowledging that language in prior decisions had caused confusion, stated the law to be that "[p]rosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." *Id.* at 675–676, 102 S.Ct. at 2089, 72 L.Ed.2d at 424. Thus, prosecutorial error which will bar a retrial on double jeopardy grounds is limited to conduct designed to provoke the defendant into moving for a mistrial. The rule of law articulated in *Oregon v. Kennedy, supra,* is applicable in Pennsylvania to appeals filed after May 24, 1982. *Commonwealth v. Simons*, 342 Pa.Super. 281, 288, 492 A.2d 1119, 1123 (1985). See also: *Commonwealth v. Rafalko*, 335 Pa.Super. 122, 127, 483 A.2d 986, 989 (1984). In *Simons,* the prosecutorial misconduct had consisted of concealing from the jury the terms of a plea agreement between the Commonwealth and an accomplice who had given testimony against the defendant. A new trial, the Court held, was even under the law prior to *Oregon v. Kennedy, supra,* an adequate remedy to correct such concealment; the failure to disclose the plea agreement did not require a discharge on double jeopardy grounds.

Appellant's averments in support of his motion to bar retrial in the instant case are couched in terms of "a

continuous pattern of overreaching." In addition to the Commonwealth's improper use at trial of an opinion by an assistant district attorney and the Commonwealth's failure to disclose the hypnosis of a witness,[2] appellant argues that the Commonwealth failed to disclose a death threat received by a tenant of the upstairs apartment five days before the fire, that the Commonwealth made an unwarranted attack on the credibility of a defense witness, and that the Commonwealth sought to bolster its case with impermissible evidence and argument.

None of these averments, either singly or together, were sufficient to require that appellant be discharged. Neither evidentiary errors nor the pre-trial failure to disclose relevant information were calculated to subvert protections afforded by principles of double jeopardy. Consistently with decided cases, therefore, the trial court properly refused to dismiss the charges against appellant. The conduct of the prosecution, whether improper in whole or only in part, could adequately be remedied by the new trial already awarded by the Supreme Court. A retrial was not barred on grounds of double jeopardy.

Order affirmed.

---

**2.** The duty to disclose hypnosis of a witness was imposed by the Supreme Court in *Commonwealth v. Smoyer,* 505 Pa. 83, 476 A.2d 1304 (1984), after the trial in this case.