469 A.2d 267

**COMMONWEALTH of Pennsylvania**

v.

**Darlene RIFFERT, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 18, 1983.

Filed Dec. 23, 1983.

Petition for Allowance of Appeal Denied May 1, 1984.

Thomas P. Kennedy, Assistant Public Defender, Scranton, for appellant.

Amil Michael Minora, Assistant District Attorney, Scranton, for Commonwealth, appellee.

Before McEWEN, BECK and HOFFMAN, JJ.

BECK, Judge:

■ Darlene Riffert appeals an order of the court of common pleas, Lackawanna County, which denied her Motion to Dismiss the charges against her. She claims that a new trial would violate her right to be protected against double jeopardy guaranteed by the Fifth Amendment to the United States Constitution.[1] Riffert contends that the prosecution's calling of a witness who, it was known, intended to invoke the Fifth Amendment guarantee against self-incrimination was prosecutorial misconduct sufficient to bar a retrial. For the reasons that follow, we affirm the order and remand for trial.

Riffert was charged with aggravated assault and recklessly endangering another person, and was being tried before a jury. In the course of the trial, Kevin Donahue, who had been subpoenaed to testify on behalf of the Commonwealth, notified the court and the prosecution that he intended to exercise his Fifth Amendment rights. An in camera hearing was held and the hearing court ruled that Donahue could properly claim the privilege against self-incrimination for a certain restricted area of questioning:

The Court: The only thing that's not fair game is that area around the gun. N.T. at 45.

For all other areas, questioning of the witness was allowed.

When Donahue took the stand he proceeded to invoke the Fifth Amendment for questions outside the restricted area,[2] N.T. 127–129, and the court declared a mistrial. Riffert thereupon moved to dismiss charges. She argues that

1. The order of the lower court is appealable before the new trial is held. *Com. v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977).

2. The questions concerned (1) his whereabouts in June, 1982; (2) whether he ever registered at a hotel under the name of Terrence Conley; and (3) a conversation with a state trooper in June 1982.

calling Donahue as a witness constituted prosecutorial misconduct designed to provoke a mistrial in order to secure a second, perhaps more favorable opportunity to convict her. She accuses the prosecution of bad faith and harassment and argues that the facts are controlled by *Commonwealth v. Virtu*, 495 Pa. 59, 432 A.2d 198 (1981), where prosecutorial questioning amounted to overreaching, bad faith misconduct sufficient to preclude holding a new trial.

In *Virtu*, however, unlike the instant case, the prosecution deliberately sought no ruling on the witness' privilege outside the hearing of the jury. Instead, the prosecution was guilty of deliberate misrepresentation of the facts surrounding the witness' exercise of the privilege during a side-bar conference. Here, in contrast, an in camera hearing was held and the court gave permission to the prosecution to question the witness in all but a limited area. The record shows that the prosecution did not violate the terms set by the hearing court.

The lower court dismissed Riffert's motion to dismiss under the standards of *Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977) and *United States v. Dinitiz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). In these cases, the standard governing when prosecutorial misconduct precludes a new trial are stated as "overreaching" or bad faith.

Riffert's aborted trial began on January 10, 1983 and ended on January 11. In May 1982 the United States Supreme Court set new standards for double jeopardy in relation to a mistrial in *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).

In *Oregon v. Kennedy*, the Supreme Court acknowledged that the standard of *Dinitz* had generated confusion, and held that for the future, "the circumstances under which . . . a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial" (at 679, 102 S.Ct. at 2091, 72 L.Ed.2d at 472).

*Oregon v. Kennedy* has been prospectively adopted by Pennsylvania but never applied. *Com. v. Arelt,* 308 Pa.Super. 236, 454 A.2d 108 (1982), Petition for Allowance of Appeal Denied (1983); *Commonwealth v. Beaver,* 317 Pa. Super. 88, 463 A.2d 1097 (1983); *Commonwealth v. Wallace,* 500 Pa. 270, 455 A.2d 1187 (1983); *Commonwealth v. Freedman,* 317 Pa.Super. 207, 463 A.2d 1158 (1983).

The standard of *Oregon v. Kennedy* is now applied to the facts of Riffert's mistrial. We hold that this standard is applicable whether a defendant invokes the protection of the United States or the Pennsylvania constitution. Our review of the questions put to Donahue before the mistrial was declared shows that there is no evidence of any intentional provocation of a mistrial. The order of the trial court denying Riffert's Motion to Dismiss is affirmed, and the case is remanded for trial. Jurisdiction is relinquished.