500 A.2d 1228
COMMONWEALTH of Pennsylvania, Appellee,

v.

James F. CAMPITELLI, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 11, 1985.

Filed Nov. 29, 1985.

616

Lawrence Sager, Pottstown, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Commonwealth, appellee.

Before WIEAND, CIRILLO and ROBERTS, JJ.

WIEAND, Judge:

Where a mistrial and continuance have been granted on motion of the defendant following allowance of a Commonwealth request to amend the information, do principles of double jeopardy bar a second trial? Appellant argues that because the trial court suggested in the first instance that a

motion for mistrial would receive favorable consideration, a second trial is barred unless the mistrial was manifestly necessary. We reject this argument and affirm the order denying a defense motion to dismiss.

James F. Campitelli, a police officer, was arrested and charged with bribery, accepting bribes, intimidating witnesses, official oppression and indecent assault as a result of an incident in which Campitelli allegedly threatened to arrest a young woman and her boyfriend unless the young woman agreed to engage in sexual intercourse with him. After a jury had been empanelled and sworn, the trial court suggested during a sidebar conference that several counts of the information should be amended to identify the names of the victims. When the Commonwealth moved for leave to amend, the request was opposed by the defense. The trial court overruled the objection and allowed the amendment. The following then occurred:

> THE COURT: If you do plead surprise and you want to ask for a Bill of Particulars as it affects each of the alleged victims, that's another matter.
>
> MR. SAGER: Well, certainly, Your Honor. I shall.
>
> THE COURT: Any objection?
>
> MR. KATZENMOYER: No, Your Honor, if that's what defense counsel...
>
> THE COURT: I think he is entitled to it.
>
> MR. KATZENMOYER: I understand, Your Honor, and that's why I have no objection.
>
> THE COURT: I want to protect the Commonwealth's case; I want to protect the defendant, too.

A mistrial was declared, and trial was continued to a subsequent date. After the defendant had thereafter requested and received a bill of particulars, he filed a motion to dismiss on grounds that another trial was barred by principles of double jeopardy. The motion to dismiss was denied, and this appeal followed.

■ Appellant argues that we should review the grant of a mistrial as one entered by the trial court sua sponte. The

applicable law, he suggests, is that a second trial cannot be held unless the court's decision to declare a mistrial is based on "manifest necessity." See: *Commonwealth v. Murry*, 498 Pa. 504, 447 A.2d 612 (1982); *Commonwealth v. Shirey*, 333 Pa.Super. 85, 481 A.2d 1314 (1984). We reject this argument. The mistrial in this case was granted on motion of the defendant. It was requested in order to obtain a continuance and a pre-trial bill of particulars. That it originated with the defense was not altered merely because the trial court had suggested that a defense request for mistrial and continuance would probably be granted if it were requested. Appellant was entirely free to proceed to trial on the amended information or move for a mistrial and continuance. The decision to move for a mistrial was his; it was not in any way compelled by the trial court. The "manifest necessity" standard, therefore, has no application. See: *United States v. Dinitz*, 424 U.S. 600, 610, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267, 275 (1976) (manifest necessity standard not applicable where defendant moved for mistrial even though he had no reasonable alternative).

■ Where a defendant requests a mistrial, " 'the circumstances under which ... [he] may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.' " *Commonwealth v. Riffert*, 322 Pa.Super. 230, 233, 469 A.2d 267, 269 (1983), quoting *Oregon v. Kennedy*, 456 U.S. 667, 679, 102 S.Ct. 2083, 2091, 72 L.Ed.2d 416, 427 (1982). A retrial will not be barred where a mistrial was granted upon a motion of the defendant unless the motion was based upon prosecutorial misconduct "undertaken with the *specific* intent to precipitate a mistrial." *Commonwealth v. Simons*, 342 Pa.Super. 281, 291, 492 A.2d 1119, 1125 (1985) (emphasis in original).

■ The record in this case does not disclose misconduct by the prosecution or trial judge; much less does it disclose misconduct designed to force the defendant to move for a mistrial so that the Commonwealth might enjoy a better

chance to obtain a conviction before another jury. The trial judge merely suggested that the information should be amended to identify the victims before the taking of testimony began. The amendment which was allowed did not charge an additional or different offense. Therefore, it was proper and in accord with Pa.R.Crim.P. 229. Nevertheless, in a display of caution, the trial court inquired whether the defense desired a postponement of the trial in order to assimilate the amendment and prepare to meet the same. This was entirely proper. Indeed, it is the procedure suggested by the language of Rule 229. When the defendant moved for a mistrial thereafter, the motion was not prompted by conduct of the prosecution calculated to obtain a more favorable opportunity to obtain a conviction. It was prompted, rather, by defendant's desire to obtain additional time and information before proceeding to trial.

Order affirmed.