502 A.2d 1345

**COMMONWEALTH of Pennsylvania**

v.

**Geoffrey ADAMS, Appellant.**

Superior Court of Pennsylvania.

Argued June 20, 1985.

Filed Jan. 10, 1986.

Melanie S. Rothey, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before ROWLEY, OLSZEWSKI and DEL SOLE, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

Appellant, Geoffrey Adams, was charged with rape, involuntary deviate sexual intercourse, unlawful restraint, simple assault and corrupting the morals of a minor at Infor-

mation No. 8410604A, and reckless endangerment of another person in a second Information at No. 8412545A. After the jury was empaneled at appellant's first trial, the charges were dismissed on appellant's motion. Upon reconsideration by the trial judge, the order of dismissal was rescinded and the charges were reinstated. Appellant's subsequent motions to reverse the order reinstating the charges and/or to dismiss the charges were denied and the case was relisted for trial. On appeal from the Order denying these motions, appellant contends that reprosecution on the charges would violate his constitutional right not to be placed twice in jeopardy.[1] Upon a careful review of the record herein, we find that the double jeopardy clause does not bar retrial of appellant and, accordingly, appellant's motions were properly denied.

At Information No. 8410604A, filed November 29, 1984, appellant was charged with rape, involuntary deviate sexual intercourse, unlawful restraint, simple assault and corrupting the morals of a minor. These charges arose from appellant's alleged sexual assault of a thirteen year-old girl on August 17, 1984. At Information No. 841254A, filed January 4, 1985, appellant was charged with recklessly endangering the life of a police officer. This charge resulted from appellant's crash through a police roadblock on August 17, 1984, to avoid being arrested on the other offenses. The informations were consolidated for trial, which commenced on March 19, 1985. On that date, a jury was empaneled and sworn and both the assistant district attorney (district attorney) and appellant's counsel delivered their opening statements. The trial judge then excused the jury, advising the parties and the jury that the trial would recommence promptly at 9:00 a.m. on the next day.

At 9:00 a.m. on March 20, 1985, the clerk called the roll of the jury. The trial judge then directed the district attorney

---

1. U.S. Const., Amendments V, XIV; Pa. Const. Art. I § 10. The double jeopardy clause of the Fifth Amendment to the United States Constitution was made applicable to the states through the Fourteenth Amendment in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

to call her first witness. The district attorney replied that the Commonwealth was not prepared to proceed because the "witnesses [had] not appeared yet for the Commonwealth." (N.T., March 20, 1985 at 2.) The trial judge asked the district attorney if she had another witness to call, to which she responded: "No, Your Honor. I'm sorry, I don't." (N.T., March 20, 1985 at 2.) The trial judge then instructed the parties and the jury that he would delay the trial for ten minutes.

After approximately fifteen minutes had passed, defense counsel requested a side bar conference. At side bar, defense counsel made an oral "Motion to Dismiss for failure to prosecute." In response, the district attorney stated that the Commonwealth had every reason to believe that the witnesses would be present at 8:30 a.m., that attempts to call the witnesses at home had been unsuccessful, and that the Braddock Police had been sent to find the witnesses. At that point, the trial judge briefly recounted the morning's events for the record. After indicating that it was 9:25 a.m. and there were still no Commonwealth witnesses present, the trial judge granted the motion for dismissal at side bar.[2] Proceedings before the jury were resumed thereafter, and the jury was instructed as follows:

> Members of the jury, with very great reluctance we have to tell you that we have granted a motion to dismiss the charges in this case because of the failure of the prosecution witnesses to appear.... But we do tell you that it is the responsibility of the lawyers in the case to see to it that the witnesses are here when the case is scheduled to proceed, and we can't run the court system on a basis of "We will hear the case whenever you find it convenient to get here." We have to have a time scheduled, just as you have to have one in running your home and people in business have to have a time schedule in running their businesses.

2. Paragraph 24 of the Commonwealth's Motion to Reconsider Order of Court dated March 20, 1985, recites that at 9:25 a.m. the Commonwealth's witnesses had arrived in the Commonwealth's witness room.

Now, the charges in this case are serious, and it's with the greatest of regret that we have to dismiss the case on this basis, but we have no alternative, it seems to us, and we now excuse you from further attendance on this case with the thanks of the Court.

N.T., March 20, 1985, at 4–6. The following written Order was then entered on Information Numbers 8410604A and 8412545A:

And now, March 20, 1985, it appearing to the Court that the Commonwealth is unable to proceed, this case is hereby dismissed. Defendant remanded to custody of sheriff.

On March 21, 1985, the Commonwealth filed a Motion to Reconsider the Order of Court dated March 20, 1985. Following a brief in-chambers hearing on March 25, 1985, concerning the Commonwealth's motion, the trial judge entered the following order:

And now, March 25, 1985, this case being in trial on March 20, 1985 with testimony about to begin, and the Commonwealth having stated its witnesses were not present and they could not proceed, and defendant having moved for dismissal and order of dismissal having been thereupon inadvertently entered, said order is now rescinded and a mistrial declared for manifest necessity, and in camera hearing with all counsel present having been had this morning and transcript of the Court proceedings having been reviewed, and the Commonwealth having now represented that its witnesses are available to testify, it is ordered that the case be listed again for trial.

On March 26, 1985, appellant filed a Motion to Reconsider the Order of Court dated March 25, 1985, and an Answer to the Commonwealth's Motion to Reconsider the Order of Court dated March 20, 1985.[3] On March 28, 1985, appellant

---

**3.** On March 26, 1985, appellant also filed a motion to recuse the trial judge and a motion to recuse the district attorney's office. On March 29, 1985, appellant filed a motion to continue the decision regarding recusal of the district attorney's office. The motion to recuse the trial judge became moot because appellant's case was reassigned to a different trial judge after the charges were reinstated. Appellant's

filed a Supplemental Answer to the Commonwealth's Motion to Reconsider the Order of Court dated March 20, 1985, a Supplemental Motion to Reconsider the Order dated March 25, 1985, and a Motion to Dismiss under double jeopardy. On March 29, 1985, appellant filed a Motion to Dismiss the charges pursuant to Pa.R.Crim.P. 1117. A hearing regarding all these motions was held on March 28 and March 29, 1985, before another judge assigned to the case (post-trial judge). On April 3, 1985, the post-trial judge entered an Order denying appellant's motion to reconsider and vacate the Order dated March 25, 1985, and expressly confirming the reinstatement of charges against appellant. Appellant's motion to dismiss on double jeopardy grounds and his. motion to dismiss pursuant to Pa.Crim.P. 1117 [4] were also denied and it was directed that the matter proceed to trial forthwith. Appellant filed this timely appeal from the Order entered on April 3, 1985. *See Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977) (denial of defendant's pre-trial motion to dismiss an indictment on double jeopardy grounds is immediately appealable).

On appeal, appellant's basic contention is that retrial on the charges set forth in the informations is barred on double jeopardy grounds. Specifically, appellant argues that: 1) the original order dismissing the charges for "failure to prosecute" was the functional equivalent of an acquittal and a second trial on those same charges would offend double jeopardy; 2) since the original dismissal of the charges was an adjudication that appellant was not guilty on the merits, the trial judge had no authority to reconsider and reverse the order acquitting appellant; and 3) there was no "manifest necessity" for the trial court's declaration of a mistrial *sua sponte* on either March 20 or March 25, 1985, and accordingly, double jeopardy prohibits retrial. Appellant thus asserts that the post-trial judge erred in denying both his motion to rescind the Order

motion to recuse the district attorney's office was denied on March 29, 1985. (N.T., March 28–29, 1985 at 84–85).

4. Appellant did not raise any question regarding Pa.R.Crim.P. 1117 on appeal.

reinstating the charges, and his motion to dismiss the charges. Our review of the record convinces us that appellant's contentions are without merit. We will address each argument *seriatim.*

### I.

Appellant's first contention is that the trial court's dismissal of the charges against him on defense counsel's motion to dismiss for "failure to prosecute" was, in actuality, a judgment of acquittal. Appellant thus claims that the double jeopardy provisions prohibit reprosecution, even if the dismissal of the charges was erroneous. In addressing appellant's claim, we begin with a discussion of the application of double jeopardy principles to situations in which the defendant successfully obtains a mid-trial termination of the proceedings before a final determination of his guilt or innocence has been made.

It is clear that a judgment of acquittal, whether based upon a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, however mistaken, is not reviewable and such a determination terminates the prosecution when a second trial would be necessitated by reconsideration and reversal. *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). *See generally United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). However, if a trial is terminated at the request of the defendant without any submission to either judge or jury as to defendant's guilt or innocence, the particular circumstances of the case determine whether a second trial is barred by double jeopardy.

When the trial court declares a mistrial in response to defendant's own motion, double jeopardy principles do not prevent retrial. *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); *Commonwealth v. Zol-*

*ler,* 507 Pa. 344, 490 A.2d 394 (1985). As the United States Supreme Court explained in *United States v. Scott, supra:*

> Where, ... a defendant successfully seeks to avoid his trial prior to its conclusion by a motion for mistrial, the Double Jeopardy Clause is not offended by a second prosecution. '[A] motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by a prosecutorial or judicial error.' *United States v. Jorn,* 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971) (opinion of Harlan, J.) Such a motion by the defendant is deemed to be a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact.

437 U.S. at 94, 98 S.Ct. at 2195, 57 L.Ed.2d at 76. A subsequent prosecution will be barred on double jeopardy grounds only if the Commonwealth's actions were intended to provoke a mistrial request by the defendant. *Oregon v. Kennedy, supra; United States v. Scott, supra; Lee v. United States,* 432 U.S. 23, 97 S.Ct. 2141, 52 L.Ed.2d 80 (1977); *Commonwealth v. Riffert,* 322 Pa.Super. 230, 469 A.2d 267 (1983).

■ If the trial court terminated defendant's trial in response to defendant's motion for dismissal of the information or indictment, rather than a motion for mistrial, whether reprosecution is barred on double jeopardy grounds depends upon the nature of the trial court's ruling. If a defendant deliberately chooses to seek dismissal of the proceedings on a basis *unrelated to factual guilt or innocence of the offense charged,* the trial court's mid-trial dismissal on defendant's motion does not prevent the government from appealing and seeking retrial. *United States v. Scott, supra* (double jeopardy does not bar retrial of defendant following termination of first trial on defendant's mid-trial motion for dismissal on grounds of preindictment delay); *Commonwealth v. Zoller, supra* (trial court's order sustaining demurrer to Commonwealth's evidence may be reversed on appeal and new trial granted without

offending double jeopardy). Double jeopardy prohibits re-prosecution only if the defense-initiated mid-trial dismissal is the "functional equivalent of an acquittal." *Common-wealth v. Zoller,* 507 Pa. at 356, 490 A.2d at 400, *citing* Whitebread, Criminal Procedure § 2403 (1980). *See United States v. Scott, supra.* An acquittal occurs only when "the ruling of the trial judge, whatever its label, actually repre-sents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." *United States v. Scott,* 437 U.S. at 97, 98 S.Ct. at 2197, 57 L.Ed.2d at 78, *citing United States v. Martin Linen Supply Co.,* 430 U.S. at 571, 97 S.Ct. at 1355, 51 L.Ed.2d at 651–52. Thus, the critical inquiry for double jeopardy purposes is whether the dismissal of the charges by the trial judge, at defendant's request, constitutes an acquittal, or a dismissal "not on the merits." *Common-wealth v. Zoller,* 507 Pa. at 356, 490 A.2d at 400.

In the instant case, appellant claims that the trial court dismissed the charges against him upon a finding that appellant was not guilty of the offenses charged. Our review of the circumstances surrounding entry of the March 20, 1985 Order dismissing the charges, in light of the principles discussed above, convinces us that the Order was entered on grounds unrelated to defendant's actual guilt or innocence. Accordingly, reinstatement of the charges and prosecution thereon is not precluded on double jeopardy grounds.

After the jury was empaneled on the second day of trial in this case, the Commonwealth was directed to call its first witness. The district attorney indicated that she was un-able to proceed due to the absence of witnesses for the Commonwealth. Following a fifteen to twenty minute de-lay, defense counsel requested a side bar conference at which he stated: "Your Honor, we would at this time make a motion to dismiss for failure to prosecute." (N.T., March 20, 1985 at 3.) The trial judge granted the motion to dismiss the charges at 9:25 a.m. "because of the failure of

the prosecution witnesses to appear." (N.T., March 20, 1985 at 5).

█ We note that a motion for dismissal of the charges, made after the jury has been empaneled and opening statements have been made, is not a proper motion at that stage of the proceedings. *Commonwealth v. Africa*, 281 Pa.Super. 419, 428, 422 A.2d 539, 543 (1980). A motion for dismissal may only be made prior to the commencement of trial. *Commonwealth v. Africa, supra;* Pa.R.Crim.P. 315. Appellant concedes that the motion to dismiss was improper, but argues that defense counsel's actual intention was to make a "Motion for Judgment of Acquittal." Appellant claims that the trial court's dismissal of the charges was a "factual determination based on the testimony which was in evidence," and thus, it was equivalent to an acquittal. (Appellant's brief at 14.) We cannot agree with appellant's characterization of either defense counsel's motion or the trial court's ruling thereon.

█ A motion for judgment of acquittal is not properly made during the course of the trial, but rather may only be made at the close of all the evidence presented. Pa.R. Crim.P. 1124(a)(2). Thus, defense counsel's motion for dismissal for failure to prosecute, made before any evidence was submitted and before either party rested, did not fall into the category of a motion for judgment of acquittal. Indeed, in reviewing the record herein, we find that defense counsel did not clarify his request for dismissal in any way and, thus, the trial judge was not informed that he was "actually" requesting a judgment of acquittal, even if that was counsel's intention.

█ The trial judge's statements at the time the order was entered reveal that he did not determine that appellant was innocent of the charges when he granted the motion for dismissal; rather he determined only that the Commonwealth's witnesses had failed to appear in a timely manner. The trial judge did not resolve any element of the offenses appellant was charged with committing, nor did he conclude

that the Commonwealth's evidence was insufficient to sustain appellant's conviction. *See United States v. Scott, supra; Commonwealth v. Zoller, supra.* In fact, in advising the jury of his reasons for dismissing the case, the trial judge stated: "... with very great reluctance we have to tell you that we have granted a motion to dismiss the charges in this case *because of the failure of the prosecution witnesses to appear....* Now, the charges in this case are serious, and its with the greatest regret that *we have to dismiss the case on this basis.*" (N.T., March 20, 1985, at 4–5, emphasis added.) Thus, it is clear the trial judge did not find that appellant was innocent of the offenses charged based upon the Commonwealth's inability to produce credible evidence. Instead, the trial judge dismissed the charges because he had been informed (incorrectly it was later determined) by the assistant district attorney that she had no witnesses available with whom to proceed. The court's ruling under these circumstances cannot be construed as an adjudication of appellant's innocence on the merits.

The situation in this case is similar to that in *United States v. Scott, supra.* Just as appellant in the case before us moved to dismiss the information after the jury had been sworn because of delay in the Commonwealth's witnesses appearing to testify, so too the defendant in *Scott* moved, after the commencement of the trial, to dismiss two counts of a three-count indictment on the ground that his defense had been prejudiced by preindictment delay. After hearing all the evidence, the court granted defendant's motion. Aside from indicating that defendant had presented sufficient proof of prejudice as to Count II, the trial judge did not explain his reasons for the dismissal. On appeal, the Supreme Court held that further prosecution of appellant on the first two counts was not barred by the double jeopardy clause since the defendant had sought dismissal on grounds "unrelated to factual guilt or innocence." *United States v. Scott,* 437 U.S. at 99–100, 98 S.Ct. at 2198, 57 L.Ed.2d at 79–80. *See also, Lee v. United States, supra,*

(mid-trial dismissal of an indictment, initiated by defendant, did not preclude second prosecution since the circumstances presented were "functionally indistinguishable from a declaration of mistrial").

In the case at bar, the trial judge did not make a factual determination of appellant's guilt or innocence of the crimes which he was charged with committing; rather, he dismissed the charges against appellant on the ground that the Commonwealth's witness had failed to appear at the time scheduled for recommencement of the trial. Thus, we hold that the Order dismissing the charges against appellant was not the functional equivalent of an acquittal, and appellant's argument in this regard must fail. Our conclusion also resolves appellant's second argument on appeal.

## II.

 Appellant's second contention is that the trial judge had no authority to reconsider and reverse the Order dismissing the charges, pursuant to 42 Pa.Cons.Stat. § 5505, because the original order was a judgment of acquittal. Section 5505 provides as follows:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.Cons.Stat. § 5505. Thus, Section 5505 gives the trial judge an opportunity to review previous Orders and to either modify or rescind those rulings which are later found to be erroneous. However, Section 5505 does not empower the trial court with the authority to reverse a judgment of acquittal, however mistaken it may have been, when a second trial would be necessitated by a reversal; such a ruling would violate the double jeopardy clause. *See United States v. Scott*, 436 U.S. at 92, 98 S.Ct. at 2194, 57 L.Ed.2d at 74–75. Nonetheless, since we have determined that the Order dismissing the charges against appellant was not the functional equivalent of an acquittal, it follows that

it was proper for the trial judge to reconsider his original order in accordance with 42 Pa.Cons.Stat. § 5505.

### III.

Appellant's final contention is that the trial court's declaration of a mistrial *sua sponte* on March 25, 1985, precludes reinstatement of the charges against him. Appellant argues that defense counsel did not request a mistrial and that there was no "manifest necessity" for the declaration of a mistrial *sua sponte* either on March 20 or March 25, 1985. However, we conclude that that portion of the trial court's order of March 25, 1985 declaring a mistrial was not a *sua sponte* termination of the trial; it was a correction of the label attached to the relief granted on March 20, 1985 in response to the appellant's Motion to Dismiss for failure to prosecute. Because there was no *sua sponte* declaration of a mistrial, the question of manifest necessity was not presented in this case regardless of the trial court's characterization of manifest necessity for declaring the mistrial.

 The law draws a distinction between a termination of the trial *sua sponte* by the trial court and a termination of the trial which is granted at the defendant's request. It is clear that the declaration of a mistrial *sua sponte* by the trial court is proper only "for reasons of manifest necessity." *Commonwealth v. Stewart*, 456 Pa. 447, 317 A.2d 616 (1974); Pa.R.Crim.P. 1118; *Commonwealth v. Robson*, 461 Pa. 615, 337 A.2d 573 (1975). If there is any doubt as to the presence of manifest necessity to support the trial court's declaration of a mistrial, such doubt is to be resolved in favor of the accused, and double jeopardy shall prohibit retrial. *Commonwealth v. Bartolomucci*, 468 Pa. 338, 362 A.2d 234 (1976). Nonetheless, as previously stated, if the defendant's motion for a mistrial is granted, double jeopardy does not prohibit reprosecution absent governmental action intended to provoke the mistrial request. *Oregon v. Kennedy, supra; United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976);

*Commonwealth v. Riffert, supra.*[5] Likewise, if the defendant moves for a dismissal of the charges prior to a final determination of guilt or innocence by the judge or the jury, double jeopardy does not bar retrial. *United States v. Scott, supra; Commonwealth v. Zoller, supra.*

The effect of that portion of the order of March 25, 1985, in which the trial court declared a mistrial after rescinding its previous order dismissing the charges against appellant, was to re-label and clarify the relief which it had originally granted to appellant on March 20, 1985 upon consideration of appellant's motion to dismiss. The court recognized that it was improper to dismiss the charges at the time appellant had moved for dismissal on March 20, 1985, and that, therefore, its order of dismissal was erroneous. However, because appellant had requested the court to terminate the trial proceedings for failure to prosecute when the Commonwealth's witnesses still had not arrived to testify at twenty-five minutes past the scheduled commencement of trial for that day, the court could, and upon reconsideration on March 25, 1985 did, treat appellant's motion to dismiss as a timely motion for mistrial. (A motion for mistrial shall be made by a defendant when an event prejudicial to a defendant is disclosed. Pa.R.Crim.P. 1118.) The dismissal of the jury and cessation of the trial on March 20, 1985 were at the request of appellant and were not accomplished *sua sponte* by the court. Although the trial court initially labelled the granting of this request

5. Appellant points out that the district attorney failed to inform the trial judge that there were police officers available to testify on March 20, 1985. Appellant asserts that the district attorney's conduct "may rise to the level of bad faith conduct" which would prohibit retrial, even if the mistrial were declared on appellant's motion. (Appellant's brief at 26–27.)

Even if we were to construe appellant's motion for dismissal as a successful motion for a mistrial, we would not find that reprosecution was barred by double jeopardy. We do not approve of the district attorney's failure to inform the trial judge that there were witnesses available to give testimony on the day the trial recommenced. Nonetheless, the record reveals no evidence that the district attorney's omission was "intended to subvert the protection afforded by the double jeopardy clause." *Oregon v. Kennedy,* 456 U.S. at 676, 102 S.Ct. at 2089, 72 L.Ed.2d at 424.

to appellant as an order of dismissal, on March 25, 1985, the court corrected its erroneous classification of the relief and declared it to be a mistrial.

A determination of the validity of the trial court's assertion that there was manifest necessity for declaring a mistrial is not necessary. We have determined that the termination of the trial was not the result of a *sua sponte* determination of the court but was made solely in response to defendant's request which he erroneously termed a "Motion to Dismiss". Where, as here, a defendant requests relief in the nature of a termination of the trial prior to any evidence being offered and solely because the prosecution has delayed the commencement of its case in chief, the defendant has, in effect, requested a declaration of a mistrial regardless of how he labels his request. When a defendant requests a mistrial, the court needs no additional basis for granting the mistrial. More specifically, the court need not find manifest necessity for the mistrial. Therefore, even though the court might find that there is manifest necessity, the correctness of that finding has no bearing on the correctness of the order granting a mistrial.

In summary, appellant's motion to dismiss was an improper motion to make at the beginning of a trial. Although the court initially granted the motion to dismiss, which had the effect of terminating the trial and dismissing the jury, it was an improper order. The court, pursuant to 42 Pa.C.S. § 5505, had the authority to reconsider its order and correct it. This the court did on March 25, 1985 when it rescinded the order to dismiss the charges, reinstated the charges, and declared that a mistrial had occurred. The reinstatement of the charges and the correction of the classification of the relief which appellant had been granted does not violate the double jeopardy clause because, although jeopardy had attached and the jury had been sworn when the trial was aborted, the termination of the trial was a result of the appellant's request and did not involve a determination of appellant's guilt or innocence of the crimes charged. Accordingly, appellant's motions to dismiss the charges and/or

to reverse the Order reinstating the charges were properly denied.

Order affirmed.