485 A.2d 24

**COMMONWEALTH of Pennsylvania**

v.

**Thomas J. HOBURN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1984.

Filed Nov. 9, 1984.

Richard R. Victoria, Greensburg, for appellant.

Terrance G. Faye, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before POPOVICH, HOFFMAN and LIPEZ, JJ.

POPOVICH, Judge:

This is an appeal from an order of the trial court which dismissed a pretrial motion to dismiss the charges against appellant, Thomas Hoburn. We affirm in part and reverse in part.

The facts which are undisputed are as follows:

On May 25, 1982, at approximately 1:07 a.m., appellant was operating a motor vehicle through the Borough of Mt. Pleasant and was pursued by a local police officer for summary violations of the Motor Vehicle Code. *See* the Act of June 17, 1976, P.L. 162, No. 81, § 1. During the pursuit, appellant was involved in an accident. However, because the accident occurred approximately a quarter of a mile from the township border, the local police officer contacted

the state police who arrived on the scene fifteen minutes later.

On that same day, charges were filed against appellant by the local police. These seven charges were as follows: limitations on driving on the left side of the road [1], driving a prohibited unregistered vehicle [2], driving while operating privilege suspended or revoked [3], driving a vehicle at safe speed [4], fleeing or attempting to elude a police officer [5], driving under the influence of alcohol or controlled substance [6], and operating a vehicle without the official certificate of inspection.[7] All of the charges are summary offenses with the exception of driving under the influence of alcohol or a controlled substance, which is a misdemeanor of the third degree. Appellant entered pleas of not guilty to these charges, and, after a preliminary hearing was held, appellant was bound over for trial.

Eight days later, on May 28, 1982, the state police officer also filed charges against appellant, all six of which were summary offenses arising from his operation of a motor vehicle on May 15, 1982, at 1:08 a.m. Some of these were the same as those charged in the other complaint, a few were added, and the driving under the influence charge was not included, as noted in the following chart:

|  | Charges filed by the local police | Charges filed by the state police |
|---|---|---|
| § 1301 | Driving a prohibited unregistered vehicle | Driving a prohibited unregistered vehicle |
| § 1543(a) | Driving while operating privilege is suspended or revoked | Driving while operating privilege is suspended or revoked |
| § 1751 | Not applicable | Insurance identification required while driving |
| § 3305 | Not applicable | Limitations on overtaking on the left |

1. 75 Pa.C.S.A. § 3306(a)(2).
2. 75 Pa.C.S.A. § 1301.
3. 75 Pa.C.S.A. § 1543(a).
4. 75 Pa.C.S.A. § 3361.
5. 75 Pa.C.S.A. § 3733(a), (b).
6. 75 Pa.C.S.A. § 3731(a)(1).
7. 75 Pa.C.S.A. § 4703(a).

| | Charges filed by the local police | Charges filed by the state police |
|---|---|---|
| § 3306 (a)(2) | Limitations on driving on the left side of the road | Not applicable |
| § 3361 | Driving a vehicle at safe speed | Not applicable |
| § 3714 | Not applicable | Reckless driving |
| § 3731 (a)(1) | Driving under the influence of alcohol or a controlled substance | Not applicable |
| § 3733 (a), (b) | Fleeing or attempting to elude a police officer | Not applicable |
| § 4703(a) | Operating a vehicle without the official certificate of inspection | Operating a vehicle without the official certificate of inspection |

Appellant entered pleas of guilty to the summary charges which were filed by the state police and made payments on the fines and costs which totalled approximately seven hundred and twenty dollars ($720.00).

On October 28, 1982, appellant filed a pretrial motion to dismiss the charges which were pending against him in the Court of Common Pleas of Westmoreland County. A hearing was held. The trial court denied appellant relief, and this appeal followed.[8]

On April 18, 1984, this Court remanded the matter in accordance with Pa.R.A.P. 1926 "for the certification and transmittal of a supplemental record which should include the citations to which appellant, Thomas Hoburn, entered pleas of guilty." The supplemental record has been com-

8. The pretrial order is appealable because the denial of a pretrial application seeking a discharge on double jeopardy grounds is considered a "final order". *Commonwealth v. Beckman,* 304 Pa.Super. 239, 450 A.2d 660 (1982).

pleted and forwarded to this Court for disposition. We must reverse in part and affirm in part for the reasons herein stated.

At the outset, we must decide whether applicable provisions of the Crimes Code preclude the prosecution of the charges pending in the Court of Common Pleas.

Section 109 of the Criminal Code provides for the following:

"**§ 109. When prosecution barred by former prosecution for the same offense**

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.

(2) The former prosecution was terminated, after the indictment had been found, by a final order or judgment for the defendant, which has not been set aside, reversed, or vacated and which necessarily required a determination inconsistent with a fact or a legal proposition that must be established for conviction of the offense.

(3) *The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court. In the latter two cases failure to enter judgment must be for a reason other than a motion of the defendant.*

(4) The former prosecution was improperly terminated after the first witness was sworn but before a verdict, or after a plea of guilty was accepted by the court." (Emphasis added).

Section 110 also provides:

**"§ 110. When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) *any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense;* or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal,

final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

(3) The former prosecution was improperly terminated, as improper termination is defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for an offense of which the defendant could have been convicted had the former prosecution not been improperly terminated." (Emphasis added)

The trial court denied appellant relief because it concluded that under Section 110 "[t]he actions of the defendant in entering his plea to these later charges before the magistrate at a time when the earlier charges had already been forwarded to court may invalidate the later charges, but have no effect on the earlier charges." Trial Court Opinion at 4. Thus, the controlling factor, according to the trial court, was the date that the charges were filed. As a result, because the filing of the charges by the local police preceded the filing of the charges by the state police, the local charges are valid.

However, our own Supreme Court has defined the term "former prosecution" which appears in Sections 109 and 110 and the term "subsequent prosecution" which appears in Section 110 differently when it said the following:

"The *Erisman* court erred in interpreting the terms 'former prosecution' and 'subsequent prosecution' under Section 110(1)(ii) as intending to limit the bar to offenses where the charge that is the subject of the former prosecution is *filed* prior to the charge sought to be barred. We find no justification for defining the terms 'former prosecution' and 'subsequent prosecution' as used in Section 110(1)(ii) in relationship with the time the particular offenses were *filed*. To the contrary, accepting our responsibility in the interpretation of legislative enactments to acknowledge the clear and obvious meaning of the language, Statutory Construction Act of 1972, Act of

December 6, 1972, P.L. 1339, No. 290, § 3, 1 Pa.C.S.A. § 1921(b)); *In Re Estate of Fox,* 494 Pa. 584, 431 A.2d 1008 (1981); *In the Matter of Student Services, Inc.,* 495 Pa. 42, 432 A.2d 189 (1981), *the terms 'former prosecution' and 'subsequent prosecution' in the context used were obviously intended to refer to the completed prosecution and the pending prosecution respectively.*

From the text of subsection 110(1)(ii) the operative fact is that the offenses stem from the same episode. There is nothing in the language to suggest that the time of filing of the various charges was germane to the legislative purpose and such an interpretation is obviously not in accordance with the theory of the rule as announced by this Court." (Emphasis added)

*Commonwealth v. Beatty,* 500 Pa. 284, 289, 455 A.2d 1194, 1197 (1983).

■ Applying the above rationale to the facts of the instant case, we note that the completed "former" prosecution consisted of the six summary charges which were filed by the state police and to which appellant entered pleas of guilty. Because appellant entered pleas of guilty to these charges, a subsequent "pending" prosecution would be barred under Section 109 for a duplicative offense which occurred during the uninterrupted episode of May 15, 1982. Hence, the Motor Vehicle Code violations of driving a prohibited and unregistered vehicle (§ 1301), driving while operating privilege is suspended or revoked (§ 1543(a)), driving a vehicle at safe speed (§ 3361), and operating a vehicle without the official certificate of inspection (§ 4703) must be quashed because appellant had entered "plea[s] of guilty [which were] accepted by the court." 18 Pa.C.S.A. § 109(3). Additionally, we reiterate that the record is undisputed that all of the crimes occurred during appellant's uninterrupted criminal episode which began at 1:07 a.m. on May 15, 1982, in Mt. Pleasant and ended at approximately 1:08 a.m., one half mile from the jurisdiction of the Borough of Mt. Pleasant and into Mt. Pleasant Township. Accordingly, the requirements of Section 109 have been met.

A prosecution in the Court of Common Pleas of Westmoreland County for the different offenses, however, is not barred under Section 110(1)(ii). Although our rationale differs from that articulated by the trial court, we nonetheless conclude that a prosecution is not barred by Section 110 because our Supreme Court has said that the "compulsory joinder rule and Section 110 do not apply to prior summary convictions under the Motor Vehicle Code".[9] *Commonwealth v. Breitegan*, 500 Pa. 384, 385, 456 A.2d 1340, 1341 (1983). Thus, appellant can be brought to trial on the misdemeanor of driving under the influence of alcohol and also on the two summary offenses of driving on the left side of the roadway (75 Pa.C.S.A. § 3306(a)(2)) and fleeing or attempting to elude a police officer (75 Pa.C.S.A. § 3733(a)(b)) unless these charges are barred for reasons of

**9.** Our Supreme Court has commented on the relationship between the compulsory joinder rule and Rule 110 and has stated that:

"This Court's decisions in *Campana I*[*] and *Campana II*[**] ultimately designed a rule of compulsory joinder which required the criminal offenses arising from the same criminal episode to be disposed of in one prosecution. *Commonwealth v. Beatty, [supra].* In the interim between *Campana I* and *Campana II*, the legislature promulgated section 110 which set forth when prosecution would be barred by former prosecution for a different offense.[***]

While this Court in its *Campana* decisions spoke in terms of the obligation to join offenses, and the legislature in section 110 provided a bar of prosecution where joinder had not occurred, it is evident that our Court rule was in harmony with section 110. *See Commonwealth v. Beatty, supra; Commonwealth v. Stewart*, 493 Pa. 24, 425 A.2d 346 (1981); *Commonwealth v. Tarver*, 467 Pa. 401, 357 A.2d 539 (1976). Any treatment of an alleged *Campana* rule violation as a separate and distinct claim from an asserted section 110 violation is misleading. In *Campana* the Court affirmatively articulated the obligation to join the charges; in contrast, the General Assembly in section 110 achieved the same result by providing a sanction where such a joinder does not occur.[****] Any attempt to persuade this Court to modify or restrict its view expressed in its *Campana* rule would be unavailing since those provisions are also required by statutory mandate.

[*] *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, *vacated and remanded*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973) (Campana I).

[**] *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854, *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974) (Campana II).

[***] *Section 109 of the Crimes Code, 18 Pa.C.S.A. § 109, addressed prosecutions barred by former prosecution for the same offense. Section 111, 18 Pa.C.S.A. § 111, set forth when prosecution would be barred by former prosecution in a foreign jurisdiction. Section 112, 18 Pa.C.S.A. § 112 provided a qualification to §§ 109, 110 and 111.

[****] As previously noted, section 110 in its entirety and the related sections of the Crimes Code are broader than our *Campana* rule. *See* n. 11.

*Commonwealth v. Hude II*, 500 Pa. 482, 486, 458 A.2d 177, 179–180 (1983).

double jeopardy.[10]   In this respect, we must remember the following guidelines:

"the disposition of the section 110 issue does not automatically determine appellant's double jeopardy question. While in many respects section 110 and the double jeopardy clause serve the same ends, nevertheless, the two provisions are not one and the same.   In the first instance, the double jeopardy clause is, of course, a constitutional right;  by contrast, section 110 is merely statutory.   This distinction is crucial when the question of waiver is an issue.   A constitutional right will only be deemed waived where the decision to waive that right is both knowing and intelligent.   See cases cited in text, *infra,* at 641.   With regard to statutory provisions, the waiver need only be voluntary.   *Commonwealth v. Mallon,* 279 Pa.Super. 350, 421 A.2d 234 (1980).

Secondly, while the double jeopardy clause and section 110 at times may, as in the instant matter, overlap in their application, this is not true in all situations.   The double jeopardy clause prevents subsequent trials by the same sovereign for the *same act* whether the initial trial resulted in an acquittal or a conviction.   *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969);  *Office of Disciplinary Counsel v. Campbell,* 463 Pa. 472, 345 A.2d 616 (1975).   Section 110, on the other hand, requires that, when certain other requirements are met, all of the charged offenses 'based on the same conduct or arising from the same criminal episode' be tried at the same time or be barred.   Section 110, unlike the double jeopardy clause, is not limited to prosecutions for the same act.   Indeed, as far as Pennsylvania statu-

---

**10.**  This Court must reject the prosecution's suggestion that appellant has waived the right to assert the applicability of the compulsory joinder rule because the pending charges had been transferred to the Court of Common Pleas of Westmoreland County *before* the charges had been filed by the state police.  Thus, we cannot say that appellant "was *aware* of all charges filed against him in separate townships" and sat by without moving for consolidation.  *Commonwealth v. Johnson,* 319 Pa.Super. at 469, 466 A.2d at 639 (emphasis added).  Moreover, we have stated, *infra* at note 9, that the compulsory joinder rule is inapplicable to summary traffic offenses.

tory law is concerned, section 109 of Title 18 more properly governs prosecutions for the same act. In sum, appellant's double jeopardy issue must still be decided."
*Commonwealth v. Johnson*, 319 Pa.Super. 463, 469–470, 466 A.2d 636, 639–640 (1983).

■ Because "the record fails to show that appellant was otherwise advised of his double jeopardy rights, we decline in the instant case to find that appellant has waived this constitutional right by not raising it prior to trial." *Id.*, 319 Pa.Superior Ct. at 472, 466 A.2d at 644.

■ Turning to the merits, we note that the double jeopardy clause applies to summary traffic offenses. *Borough of West Chester v. Lal*, 493 Pa. 387, 426 A.2d 603 (1981). *Accord Commonwealth v. Johnson*, 319 Pa.Super. at 472, 466 A.2d at 641 ("the double jeopardy clause does apply to motor vehicle citations".)

■ The traditional test for determining whether a double jeopardy violation has occurred was pronounced in *Blockburger v. United States*, 284 U.S. 299, 54 S.Ct. 180, 76 L.Ed. 306 (1932) and "focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial." *Illinois v. Vitale*, 447 U.S. 410, 417, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228, 235 (1980). *Accord Commonwealth v. Stewart*, 325 Pa.Super. 465, 473 A.2d 161 (1984). Simply stated, there is no violation if " 'each statute requires proof of an additional fact which the other does not[.]' " *Id.*

Under the *Blockburger* test, there is no double jeopardy violation for prosecuting appellant under Sections 3306(a)(2), 3733(a), (b) and 3731 of the Motor Vehicle Code.

■ The crime of driving under the influence requires the additional element of driving "under the influence of alcohol to a degree which renders the person incapable of safe driving." 75 Pa.C.S.A. § 3731(a)(1). The crime of limita-

tions on driving on the left side of the roadway prohibits driving on the left side of the roadway "[w]hen approaching or upon the crest of a grade or a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction." 75 Pa.C.S.A. § 3306(a)(1). Additionally, the crime of fleeing or attempting to elude a police officer prohibits a driver from "willfully fail[ing] or refus[ing] to bring his vehicle to a stop or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop." 75 Pa.C.S.A. § 3733(a). Because these three crimes require proof of elements not required under the summary citations to which appellant entered pleas of guilty, these prosecutions are not barred by the double jeopardy clause.

The charges of driving a prohibited unregistered vehicle, driving while operating privilege is suspended or revoked, driving a vehicle at safe speed, and operating a vehicle without the official certificate of inspection are dismissed.

The charges of driving under the influence of alcohol, limitations on driving on the left side of the roadway, and fleeing or attempting to elude a police officer are affirmed, and the matter is remanded for trial on these charges.

Jurisdiction is not retained.

LIPEZ, J., concurs in the result.