525 A.2d 775

**COMMONWEALTH of Pennsylvania**

**v.**

**Gregory M. FISCHL, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 28, 1986.

Filed May 11, 1987.

174

John E. Freund, III, Allentown, for appellant.

Before CIRILLO, President Judge, and ROWLEY and BECK, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from the judgment of sentence imposed on appellant after he was convicted of operating a motor vehicle while under suspension for driving under the influence of alcohol ("DUI"). Appellant was sentenced to 90 days confinement and fined $1,000. Post-trial motions were timely filed, but denied and a timely appeal was then taken.

On January 5, 1983, appellant was convicted of DUI which resulted in a six month suspension of his driving privileges, effective February 28, 1983. On July 10, 1983, during the period of suspension, appellant was stopped by a Pennsylvania State Trooper because the tires on appellant's car were studded in violation of § 4525 of the Pennsylvania Motor Vehicle Code. When asked, appellant first stated that he left his driver's license at home. The trooper then radioed his headquarters and was told that appellant's license had been suspended, but was not told the reason therefor. When confronted with this information, appellant stated that his license had been suspended for DUI. At that time appellant was issued a citation for driving with studded tires to which he pled guilty. Subsequently, after the trooper had received confirmation from the Bureau of Motor Vehicles, a second citation was issued to appellant for driving while under suspension for DUI in violation of

§ 1543(b) of the Motor Vehicle Code. The District Justice found appellant guilty as charged. Appellant then appealed to the Court of Common Pleas which, subsequent to a hearing on the issues raised, dismissed the appeal. After the denial of his post-trial motions and his sentencing, appellant appealed to this Court seeking reversal of his conviction and discharge or a new trial by jury.

Four issues are presented for our review. The first two allege that the prosecution under § 1543(b) should be quashed (1) because the trooper issued the second citation late in violation of Pa.R.Crim.P. 51 and (2) that his prosecution is barred under § 110 of the Pa. Crimes Code. The third issue raised is that appellant was unconstitutionally denied a jury trial. The last issue argued is that application of § 1543(b) of the Motor Vehicle Code is a violation of the prohibition against ex post facto laws.

■ In his first issue, appellant claims that the trooper's failure to issue the second citation at the time he was stopped for the studded tires offense is a violation of the compulsory joinder rules and § 110 of the Crimes Code, 18 Pa.C.S. § 110. Appellant relies on *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, *vacated*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *reinstated on remand*, 455 Pa. 622, 314 A.2d 854, *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974), which held that the constitutional provisions against double jeopardy require that all known charges arising from a single criminal episode be brought against the defendant in a single proceeding. This principle is also set forth in § 110 of the Pennsylvania Crimes Code.

A prior panel of this Court, in *Commonwealth v. Hoburn*, 335 Pa.Super. 536, 485 A.2d 24 (1984), has addressed this issue. Relying on our Supreme Court's decision in *Commonwealth v. Breitegan*, 500 Pa. 384, 456 A.2d 1340, *cert. denied*, 464 U.S. 991, 104 S.Ct. 480, 78 L.Ed.2d 678 (1983), the panel in *Hoburn* held that a prior conviction for a summary offense under the Motor Vehicle Code does not bar, under § 110, a subsequent prosecution for a different

summary offense under the Motor Vehicle Code arising out of the same criminal episode. This prior panel decision is binding on us and is dispositive of the instant case since both offenses that appellant is charged with are summary.[1]

However, we are of the opinion that the same result would also be reached by the application of § 110(1)(iii)(A) which provides an exception to the compulsory joinder rule where

> the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil....

18 Pa.C.S. § 110(1)(iii)(A). The first offense that appellant was charged with, violation of § 4525(c) of the Motor Vehicle Code, requires proof that appellant drove with studded tires during the period from April 16 to October 31. 75 Pa.C.S. § 4525(c). The second offense that appellant was charged with, violation of § 1543(b) of the Motor Vehicle Code, requires proof that appellant's license had been suspended for violating § 3731 of the Motor Vehicle Code (relating to driving under the influence of alcohol or a controlled substance). 75 Pa.C.S. § 1543(b). Though both offenses arise out of the same criminal episode, each requires proof of a fact not required by the other. Further, the laws defining these offenses obviously are intended to prevent substantially different harms. Thus, we find that the exception provided in § 110(1)(iii)(A) applies and there is no merit to appellant's argument.

█ Appellant next requests that his conviction pursuant to § 1543(b) of the Pennsylvania Motor Vehicle Code be reversed because the delayed issuance of the second citation was a violation of Pa.R.Crim.P. 51. Rule 51A(1)(a) provides that in cases of traffic offenses, a police officer, in uniform, shall issue the citation directly to the defendant at the time

---

1. *See* Act of Nov. 25, 1970, P.L. 707, No. 230, as amended 1979, Nov. 10, P.L. 460, No. 95, 75 Pa.C.S. § 4525(e)(1); 75 Pa.C.S. § 1543(b).

of the offense. Appellant argues that since he notified the trooper of his suspension for DUI at the time of the offense and since the trooper was in uniform, the citation for violation of § 1543(b) should have been issued at that time. In support of this position, appellant cites *Commonwealth v. Jonnet*, 265 Pa.Super. 315, 401 A.2d 1228 (1979), which holds that strict compliance with the letter of Rule 51 must be demonstrated.

The trooper testified that he did not issue the second citation at the time of the offense for several reasons: he did not know officially the reason for appellant's suspension (N.T., p. 16); appellant had initially lied to the trooper by saying that his license was at home and thus the trooper had reason to disbelieve him (*id.*); the trooper did not know which section of the Motor Vehicle Code had been violated, § 1543(a) for driving under suspension, or § 1543(b) for driving while suspended for DUI (*id.* at 19); and, the trooper had procedure to follow (*id.*). We further note that the trooper promptly sent a written request to the Bureau of Motor Vehicles to determine the status of appellant's license. Upon written confirmation of appellant's DUI suspension, the second citation was issued to him.

Rule 51A(1)(b) provides exceptions to the rule that citations shall be issued to the defendant at the time of the offense:

A citation (rather than a complaint) shall be filed with an issuing authority by a police officer when the offense charged is a violation of a traffic ordinance or is a summary offense under the Vehicle Code, when the police officer is not in uniform, *or when it is not feasible for him to issue a citation* to the defendant, or when evidence is discovered after the issuance of a citation which gives rise to additional summary charges against the defendant resulting from the same incident ... (emphasis added).

We find that under the circumstances of the instant case, it was not feasible for the trooper to issue the second citation at the time of the occurrence. The trooper properly waited

until he had received written confirmation of appellant's suspension from the Bureau of Motor Vehicles and thus was able to cite the section of the Code that was actually violated. Thus, appellant is not entitled to have his conviction pursuant to § 1543(b) reversed.

The third issue raised involves appellant's sentence on the charge of driving while under suspension for DUI. Appellant claims that the imposition of a $1,000 fine in addition to the 90 days incarceration makes the offense "serious" and thus he is entitled to a jury trial. Appellant acknowledges that the factor distinguishing serious from petty offenses is an authorized penalty of more than six months imprisonment. *Commonwealth v. Mayberry*, 459 Pa. 91, 327 A.2d 86 (1974). Under this standard, appellant is not entitled to a jury trial.[2]

Appellant further argues, however, that the additional $1,000 fine is so substantial as to render the offense serious. This same issue has already been decided by this Court in *Eichenlaub v. Eichenlaub*, 340 Pa.Super. 552, 490 A.2d 918 (1985). In that case, appellant challenged the Protection from Abuse Act[3] which provides for a maximum penalty of up to six months imprisonment or a fine not to exceed $1,000, or both. Affirming the trial court's denial of appellant's motion for a jury trial, we held that the authorized $1,000 fine did not render the crime serious and that appellant was thus not entitled to a jury trial. Thus, appellant herein is not entitled to relief under this claim.

After a thorough review of the record and due consideration of appellant's last issue alleging a violation of the prohibition of the ex post facto laws, we find that the trial court has adequately discussed and correctly decided this issue in its July 3, 1984 Opinion.

2. Upon conviction of violating § 1543(b), a person shall "be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days." 75 Pa.C.S. § 1543(b).

3. Act of Oct. 7, 1976, P.L. 1090, No. 218 § 1, as amended, Act of June 23, 1978, P.L. 513, No. 81, § 1, 35 P.S., §§ 10181–90.

For all of these reasons, we affirm the judgment of sentence imposed by the trial court.

Judgment of sentence affirmed.