126

675 A.2d 341

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Martin ROCHE.**

Superior Court of Pennsylvania.

Argued Jan. 24, 1996.

Filed April 23, 1996.

Ralph A. Germak, McAlisterville, Assistant District Attorney, for Commonwealth, appellant.

Arthur L. Gutkin, Conshohocken, for appellee.

Before McEWEN, P.J., and SAYLOR and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an April 17, 1995 trial court order in effect quashing the Commonwealth's writ of certiorari. Appellant, the Commonwealth of Pennsylvania, now raises the following issue for our review:

WHETHER A POST–HEARING DISMISSAL OF SUMMARY CHARGES ON CONSTITUTIONAL GROUNDS (DOUBLE JEOPARDY) ERRONEOUSLY ENTERED BY THE DISTRICT JUSTICE AS A "NOT GUILTY" VERDICT IS APPEALABLE BY THE COMMONWEALTH.

Appellant's Brief at 3.

On October 7, 1994, a state trooper issued appellee Martin Roche a citation for speeding[1] along a road in Juniata County, Pennsylvania. The trooper also advised appellee that he would receive a citation for driving with a suspended license[2] once the trooper was able to confirm from PennDOT that appellee's license was under suspension. On October 17, 1994, appellee pled guilty to the speeding charge by mailing in the citation along with the appropriate fine. Subsequently, appellee received a citation for driving with a suspended license and pled "not guilty" to the charge.

1. 75 Pa.C.S. § 3362.
2. 75 Pa.C.S. § 1543.

128

On January 13, 1995, a hearing before a district magistrate was held on the suspension charge, at which appellee made a pre-trial motion to dismiss on the basis that the proceeding unconstitutionally subjected him to double jeopardy because he had already pled guilty to the related speeding charge. Rather than decide the motion immediately, the magistrate took the motion under advisement, proceeded to hear all the evidence on the suspension charge, and then wrote on the transcript at the conclusion of the hearing "Defendant was found Not Guilty—(double jeopardy)."

The Commonwealth subsequently appealed the magistrate's finding by filing a writ of certiorari with the trial court. On April 3, 1995, the trial court held a hearing, at which the district magistrate testified that she had found appellee not guilty based on the procedural double jeopardy issue rather than on the factual underlying merits. After the hearing, on April 17, 1995, the trial court concluded that even though the district magistrate's finding was based on the procedural double jeopardy issue, the trial court had no jurisdiction to hear an appeal from the "not guilty" finding. The Commonwealth's timely appeal to this Court followed.

The Commonwealth now argues that the trial court erred in interpreting the district magistrate's finding as a "not guilty" acquittal which precluded a further appeal by the Commonwealth. Essentially, it argues that the district magistrate's testimony at the trial court hearing indicated that her "not guilty" verdict was equivalent to a pretrial dismissal, which is appealable by the Commonwealth.

Our supreme court has recognized that "[t]he prosecution may not appeal from a verdict of 'not guilty' entered by the trial court in a criminal prosecution and this is so whether the prosecution be by indictment or by summary proceeding." *Borough of West Chester v. Lal*, 493 Pa. 387, 392, 426 A.2d 603, 605 (1981). It is also well-settled under Pennsylvania law that "jeopardy attaches in a non-jury trial when the court begins to hear evidence." *Commonwealth v. Walczak*, 440 Pa.Super. 339, 347, 655 A.2d 592, 595–96 (1995).

■ However, this Court has also recognized that to determine whether action taken by the trial court has constituted an "acquittal" for double jeopardy purposes, "the form of the [factfinder's] action is not controlling ... we must determine whether the ruling of the [factfinder], whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *Commonwealth v. McDonough*, 533 Pa. 283, 290, 621 A.2d 569, 573 (1993) (citations omitted). Thus, "if the defendant deliberately chooses to seek dismissal of the proceedings on a basis unrelated to the factual guilt or innocence of the offense charged, the [factfinder']s [ ] dismissal on defendant's motion does not prevent the government from appealing or seeking retrial." *Commonwealth v. Adams*, 349 Pa.Super. 200, 209, 502 A.2d 1345, 1350 (1986) (emphasis omitted).

■ In the instant case, the district magistrate declined to immediately rule on the double jeopardy claim on appellee's pretrial motion to dismiss, but filled out the citation form at the end of the hearing by writing "not guilty-double jeopardy." At the subsequent hearing before the trial court, the district magistrate testified that she decided the case based on appellee's double jeopardy argument, and that she would have found appellee guilty on the suspension charge if not for his double jeopardy argument. N.T. 4/3/95 at 36. Under these circumstances, we find that although jeopardy attached when the magistrate heard evidence on the suspension charge, the district magistrate's order was based on grounds completely unrelated to appellee's factual guilt or innocence and thus was appealable to the trial court. *See Adams, supra* (although jeopardy attached after jury was sworn during trial, termination of trial on defendant's motion to dismiss did not involve determination of guilt and innocence, and charges were properly reinstated on reconsideration); *McDonough, supra* (fact that court entered order stating appellant was found "not guilty" was irrelevant when court resolved matter independent of the factual elements of the offense charged, and dismissal of charges was thus appealable by the Commonwealth). Conse-

quently, the trial court should have determined whether the district magistrate's double jeopardy dismissal was proper.

Thus, we reverse the trial court order and remand for the trial court to review the validity of the district magistrate's dismissal.[3] Should the trial court determine that the double jeopardy dismissal was improper, it should reinstate the suspension charge and remand to the district magistrate to enter judgment on the merits of the charge based on the evidence already heard in the prior proceeding.[4]

Reversed and remanded with directives. Jurisdiction is relinquished.

McEWEN, P.J., dissents.

**3.** Although the issue of whether the district magistrate erred in dismissing appellee's suspension charge on double jeopardy grounds is not before us, we refer the district magistrate and the trial court to our recent opinion in *Commonwealth v. Geyer*, 442 Pa.Super. 143, 658 A.2d 824 (1995), *appeal granted*, 543 Pa. 709, 672 A.2d 305 (1995), where we found no double jeopardy problem when a defendant pled guilty to a speeding charge and later was convicted of driving with a suspended license.

**4.** We recommend that the district magistrate decide such a motion in the future either in advance of taking any evidence or, in the alternative, after coming to a verdict on the merits so that the trial court can reverse the disposition of the motion if erroneous and simply reinstate the district magistrate's verdict.